541 A.2d 432

R & P Services, Inc., d/b/a Allegheny Cigarette, Music & Games, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue, Respondent.

Argued November 19, 1987, before Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Gerard M. Mackarevich,* with him, *Ira H. Weinstock, Ira H. Weinstock, P.C.,* for petitioner.

*Ronald H. Skubecz,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BARRY, May 18, 1988:

R&P Services, Inc. (R&P) which does business as Allegheny Cigarette, Music & Games, appeals from the order of the Secretary of Revenue (Secretary), who ordered the revocation of the cigarette stamping agency and wholesale dealer licenses of R&P based upon the recommendations of the Cigarette Tax Board (Board).

R&P was licensed as a cigarette stamping agent, wholesale dealer and retail vendor until February 28, 1986, when those licenses expired, as they do each year, by operation of law. On March 3, 1986, R&P filed with the Department of Revenue (Department) an Application for Cigarette Dealers License and included the appropriate licensing fee for cigarette stamping agency, wholesale dealer and 370 retail vending machine licenses. On March 15, 1986, amendments to Department regulations regarding grounds for denial, suspension or revocation of the cigarette stamping agency and wholesale dealer licenses went into effect. These amendments empowered the Department to deny, suspend or revoke those licenses based on an applicant's, or licensee's, delinquency or liability in any tax system administered by the Department. Prior to the time that these amended regulations went into effect, R&P, shortly after it had filed its application, was orally informed, upon inquiry made by it, that its cigarette dealer licenses would not be renewed, pursuant to the then yet-to-be effective amended regulations, on the basis that it owed delinquent sales tax. Subsequently, on March 28, 1986, the Department entered its formal denial of renewal on the basis that R&P owed approximately $186,000.00 in delinquent sales tax, was delinquent in filed sales and use tax returns for the third and fourth quarters of 1985, and also was delinquent in filing a W-3 form for 1973 Employer Withholding Tax.

R&P then filed a complaint with the Board seeking an order that would require the Department to renew its cigarette dealer licenses. At the same time, it sought the issuance of temporary cigarette dealer licenses from the Department for use during the pendency of the administrative proceeding and a "supersedeas" of the Department's decision not to renew its licenses from the Board. The Department granted R&P's request for tem-

porary cigarette dealer licenses and did not oppose the application for a supersedeas. Thereafter, it filed a complaint with the Board seeking an order revoking R&P's temporary cigarette stamping agency and wholesale dealer licenses.

The Board, acting upon these complaints, issued separate citations to both parties, requiring them to appear before it and present testimony relevant to the allegations made in the two complaints at a consolidated hearing thereon. After that hearing, the Board issued an adjudication, in which it recommended that the Secretary revoke R&P's cigarette stamping agency and wholesale dealer licenses, while allowing it to keep its retail vending machine licenses. The ground for the Board's decision was its conclusion that R&P, because of its failure to timely file required tax returns and pay taxes that were legally due, failed to meet the requirements of the amended regulations. It also concluded that because of those delinquencies, R&P also failed to meet certain statutory eligibility requirements for holders of those licenses. Specifically, it concluded that R&P and its president and principal shareholder, William Brody, failed to meet the statutory requirements that a cigarette stamping agent "be of good moral character, of reasonable financial stability and reasonably experienced in the wholesale cigarette business"[1] and that a wholesale dealer "be of reasonable financial stability, and reasonable business experience."[2]

Following the Board's adjudication, the Secretary, acting upon the Board's recommendations, ordered that R&P's cigarette stamping agency and wholesale dealer licenses be revoked. This appeal then followed.

---

[1] Act of March 4, 1974, P.L. 6, added by Act of December 21, 1981, P.L. 482, 72 P.S. §8222.

[2] 72 P.S. §8223.

Our scope of review in this matter is limited to determining whether constitutional rights have been violated, an error of law has been committed and necessary findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). It is R&P's contention that it has been improperly denied its cigarette dealer licenses as the result of a retroactive application of the amended regulations that went into effect on March 15, 1986. Furthermore, it contends that the statutory requirement of "good moral character", upon which the Board relied, is ambiguous, that there is no substantial evidence showing that it and its president and principal shareholder, William Brody, were not of reasonable financial stability and were not reasonably experienced in the wholesale cigarette business, and that the Board acted improperly in taking administrative notice of records of 1984 Board proceedings involving R&P.

It is an undisputed rule of statutory construction that statutes, other than those affecting procedural matters, must be construed prospectively except where the legislative intent that they shall act retrospectively is so clear as to preclude all question as to the intention of the legislature. *Farmers National Bank & Trust Co. v. Berks County Real Estate Co.,* 333 Pa. 390, 5 A.2d 94 (1939). This principle has been promulgated as law by our legislature in 1 Pa. C. S. §1926, which provides:

> No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly.

This rule has been applied to the regulations of administrative agencies. *See Jenkins Unemployment Compensation Case,* 162 Pa. Superior Ct. 49, 56 A.2d 686 (1948). It is also axiomatic that administrative agencies may adopt retroactive regulations so long as they do not

destroy vested rights, impair contractual obligations or violate the principles of due process of law and ex post facto laws. *Ashbourne School v. Department of Education,* 43 Pa. Commonwealth Ct. 593, 403 A.2d 161 (1979).

However, the above principles become pertinent only after it has been determined that the proposed operation of the statute or regulation would indeed be retroactive. Therefore, the issue we must determine first is whether the denial of cigarette dealer licenses pursuant to the amended regulations gives those regulations retroactive operation.

A retroactive law has been defined as one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired. *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corporation,* 54 Pa. Commonwealth Ct. 376, 421 A.2d 521 (1980). A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence. *Id.* Where no vested right or contractual obligation is involved, an act or a regulation is not impermissibly construed retroactively when applied to a condition existing on its effective date, even though the condition results from events which occurred prior to that date. *Creighan v. City of Pittsburgh,* 389 Pa. 569, 132 A.2d 867 (1957).

The amended regulations with which we are concerned here appear in 61 Pa. Code §§75.22, 75.32 and 75.34. These regulations provide in pertinent parts:

§75.22 Applicant requirements and hearings for application, suspension or revocation:

(a) The Department may deny an application for a cigarette stamping agency license and will notify the applicant of its decision denying the license and offer the applicant an opportu-

nity to show cause why the license should be granted at a hearing at a specific time and location to be set by the Department not less than 15 days nor more than 30 days after the Department's decision, if the Department in the exercise of its discretion, finds any of the following:

. . .

(5) The applicant fails to file required tax returns of [sic] pay tax legally due.

(b) If the Department finds that the requirements of this subchapter for licensing of cigarette stamping agents are not met, then the Department may reject an application for a new or renewal license.

§75.32 Applicant requirements and hearings for denial of license:

If the Department, in the exercise of its discretion, finds any of the following, the Department will notify the applicant of its decision denying a license and offer the applicant an opportunity to show cause why the license should be granted at a hearing at a specific time and location to be set by the Department not less than 15 days nor more than 30 days after the decision of the Department:

. . .

(5) The applicant for a wholesale license fails to file required tax returns or pay tax legally due.

§75.34 Renewal of applications.

If the Department in the exercise of its discretion finds any of the following, the Department will notify the applicant of its decision denying the renewal of license and offer the applicant an opportunity to show cause why the license should be granted at a hearing at a specific time and location to be set by the De-

partment not less than 15 days nor more than 30 days after the decision of the Department.

. . .

(5)   The applicant for a wholesale license fails to file required tax returns or pay tax legally due.

The Department construed these amended regulations, which clearly affect R&P's substantive rights, to authorize denial of an application for cigarette stamping agency and wholesale dealer licenses or renewal thereof if, *at the time a decision on the application for those licenses or renewal thereof is made,* the applicant is delinquent in paying any tax or in filing any required tax forms. In so construing these regulations, it did not give them retroactive operation.

The condition rendering an applicant for cigarette dealer licenses ineligible for those licenses under the amended regulations is a delinquency in the payment of any tax that is owed or in the filing of any tax form that must be filed. In the present matter, R&P had such delinquencies on and after the effective date of the amended regulations. Furthermore, it did not have a vested right to a cigarette stamping agent or wholesale dealer license for the fiscal year of 1986.[3] Consequently, it cannot be said that the amended regulations have been given retroactive effect. The fact that the taxes which were found to still be owing at the time its application for renewal of its licenses was denied had been due and owing prior thereto, does not mean that the

---

[3] A right is not vested unless it is fixed and without condition. *Ashbourne School.* The right to be a cigarette stamping agent and wholesale cigarette dealer is a conditional right subject to the power of the Department to ensure through its licensing of those parties engaged in those activities that no untaxed cigarettes are sold.

amended regulations have been given retroactive effect.[4]

R&P finds significant the fact that, prior to the time the amended regulations became effective, it had applied for renewal of those licenses and had been informed over the telephone that its application for renewal of its licenses would be denied. Where, however, a condition triggering the application of the statute or regulation exists on its effective date, it cannot be said that the statute or regulation has been given retroactive operation merely because the substantive right it affects is claimed or asserted in an application or petition filed prior to its effective date. Furthermore, while it would be error for a court or other tribunal, in rendering a decision, to apply a new law which has not yet taken effect at the time the decision is rendered, the Department here, contrary to R&P's assertion, rendered its decision after the amended regulations took effect.[5]

Accordingly, we would conclude that the Department's denial of R&P's application for renewal of its cigarette stamping agency and wholesale dealer licenses on the basis of its failure to pay sales tax legally due and file sales and use tax and employee withholding tax forms was not improper. Since, under the amended regulations, those delinquencies, by themselves, were sufficient grounds for the denial of R&P's license, we need not discuss the remaining issues raised by it.

---

[4] R&P, in footnote 2 of its brief, also contends that the Board's application of the amended regulations violates constitutional prohibitions against "ex post facto" impositions of penal sanctions. This issue is waived, however, due to R&P's failure to raise it in the proceedings before the Board.

[5] It cannot be said that the Department, in informing R&P over the telephone that its renewal application *would be denied,* had, *at that time,* as a matter of law, rendered its decision on R&P's renewal application. Only when the Department wrote to R&P on March 28, 1986, telling it that its request for renewal of its licenses *was denied,* did it do so.

ORDER

Now, May 18, 1988, the order of the Secretary of the Department of Revenue, dated July 17, 1986, at Docket No. 602, is hereby affirmed.