646 A.2d 606

**In re INCORPORATION OF the BOROUGH OF ASHCOMBE.**

**Appeal of PETITIONERS FOR INCORPORATION OF
the BOROUGH OF ASHCOMBE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 13, 1994.

Decided July 22, 1994.

Thomas J. Williams, for appellant.

James D. Bogar and Andrew C. Sheely, for appellee Monroe Tp.

Thomas L. Wenger, for appellees Pennsylvania State Ass'n of Tp. Supervisors and Elizabeth Ann Wenger.

Before CRAIG, President Judge, DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

McGINLEY, Judge.

Appellant, Petitioners for Incorporation of the Borough of Ashcombe (Ashcombe), appeals from an order of the Court of Common Pleas of Cumberland County (trial court) that granted a motion on behalf of Monroe Township (Township) to dismiss Ashcombe's petition for incorporation. We affirm.

On April 6, 1992, Ashcombe, a group composed of four residents of the Township, as well as Ashcombe Products Co., Inc., a private corporation, filed a petition for incorporation on behalf of all resident freeholders of a certain 500–acre tract of land in the Township. This petition sought to incorporate the subject area as the Borough of Ashcombe.

Ashcombe's petition was based on Section 201 of the Borough Code,[1] which at the time of filing the action stated:

> The courts of quarter sessions may incorporate any area within their jurisdiction, not already incorporated or a part of an incorporated municipality, as a borough, which, after having been so incorporated, shall be a body corporate and politic by the name which shall be decreed by the court.

The petition was opposed by the Township and several hundred of its residents who filed exceptions to it. However, these exceptions were subsequently denied and on July 7,

---

1. Act of February 1, 1966, P.L. (1965), *as amended,* 53 P.S. § 45201.

1992, the trial court, pursuant to Section 202(b) of the Borough Code, 53 P.S. § 45202(b) appointed a five-member Borough Advisory Committee.[2] On November 16, 1992, following several hearings the Committee voted 3–2 against incorporation. On December 7, 1992, the Committee filed its opinions with the Court. At this time, any chance of voter approval by referendum was dependent upon the trial court's rejection of the Committee's recommendation.

On December 18, 1992, the Governor signed Act 181 into law. This legislation established a minimum resident requirement for the incorporation of new boroughs. Section 201 of the Borough Code was amended to read:

The courts of common pleas may incorporate any contiguous area within their jurisdiction, not already incorporated or a part of an incorporated municipality and having a population of at least 500 residents, as a borough, which,

**2.** This section provides:

(b) The court shall establish a Borough Advisory Committee which shall consist of two residents of the proposed borough, two residents of the existing governmental unit or units recommended by the respective governing body of the unit or units and not residing within the proposed borough and one resident of the county not residing in either area who shall serve as a chairman of the committee. Such a committee shall be established when a petition is received by the court for the creation of a borough. Pursuant to this act, the members of such committee shall be appointed by and shall serve at the pleasure of the court. The members shall serve without salary, but the court may entitle each such member to reimbursement for his actual and necessary expenses incurred in the performance of his official duties. The director of the County Planning Commission shall serve as advisor to the committee.

Section 202(c) of the Borough Code, which sets forth the duties of the Committee states:

(c) Such committee shall, within sixty days of its creation, advise the court in relation to the establishment of the proposed borough. In particular, the committee shall render expert advice and findings of fact relating to the desirability of such an incorporation, including, but not limited to, advice as to:

(1) the proposed borough's ability to obtain or provide adequate and reasonable community support services such as police protection, fire protection and other appropriate community facility service;

(2) the existing and potential commercial, residential and industrial development of the proposed borough; and

(3) the financial or tax effect on the proposed borough and existing governmental unit or units.

after having been so incorporated, shall be a body corporate and politic by the name which shall be decreed by the court. 53 P.S. § 45201.[3]

In response to the adoption of the 500–resident requirement the Township filed a motion to dismiss Ashcombe's petition on the grounds that the proposed borough did not have 500 residents. On June 23, 1993, the trial court granted the Township's motion to dismiss after determining that the amended statute did not violate Ashcombe's constitutional rights to due process or equal protection and that the statute did not violate constitutional prohibitions against special legislation or the separation of powers doctrine. Ashcombe appeals.

Before this Court Ashcombe argues that the retroactive application of Act 181 to its petition to incorporate violates Ashcombe's right to due process under the state and federal constitutions, creates impermissible classifications in violation of the equal protection guarantees of the state and federal constitutions; and is a legislative infringement into the judiciary in violation of the separation of powers doctrine. Ashcombe also contends that Act 181 cannot be applied to its pending action before the trial court in view of 1 Pa.C.S. § 1976(a),[4] which preserves pending actions and allows them to continue under the laws that were in existence when the action was instituted.

In the present case we need only determine whether applying the 500–resident requirement to Ashcombe's petition

---

**3.** This requirement did not apply to counties of the fifth class until December 18, 1992. However, Cumberland County is a county of the fourth class.

**4.** 1 Pa.C.S. § 1976(a) provides:

(a) The repeal of any civil provisions of a statute shall not affect or impair any act done, or right existing or accrued, or affect any civil action pending to enforce any right under the authority of the statute repealed. Such action may be proceeded with and concluded under the statutes in existence when such action was instituted, notwithstanding the repeal of such statutes, or such action may be proceeded with and concluded under the provisions of the new statute, if any, enacted.

is a retroactive application of the law.[5]  In *R & P Services v. Department of Revenue,* 116 Pa.Commonwealth Ct. 230, 541 A.2d 432 (1988), this Court noted that a retroactive law is defined as one which relates back to and gives a previous transaction a legal effect different from which it had under the law in effect when it transpired.  *Id.* at 235, 541 A.2d at 434. In *R & P* this Court stated that there was no "vested right" to an administrative license renewal and upheld a denial of a cigarette dealer's license renewal based upon a change in regulations enacted after the renewal application was filed. The new regulations provided for the denial of a license renewal if delinquent sales taxes were not paid.  R & P owed $186,000.00 in delinquent sales tax and was denied a license renewal.  We noted that a conditional right subject to governmental approval is not a vested right.[6]  Absent any vested right affected by the new regulation, we held that there was no retroactive effect.

Similarly, in the present case, Ashcombe had no vested right to incorporate as a borough based on the ground that they filed their petition to incorporate prior to the adoption of Act 181.  Ashcombe's petition had not been approved by the trial court and the Borough Advisory Committee had voted 3–2 against it.  As a result, Ashcombe had no fixed or vested right which was retroactively affected by Act 181.  For the same reason, 1 Pa.C.S. § 1976(a) is inapplicable (no existing or accrued right affected by the amendment to Section 201 of the Borough Code).

Having found no retroactive application of Act 181, we need not address Ashcombe's constitutional arguments.  *Monumental Properties, Inc.*

The order of the trial court is affirmed.

**5.**  When faced with a constitutional challenge to a statute, the courts must first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided.  *Commonwealth v. Monumental Properties, Inc.,* 459 Pa. 450, 481, 329 A.2d 812, 827 (1974).

**6.**  A right is not vested unless it is fixed and without condition.  *R & P,* 116 Pa.Commonwealth Ct. at 237 n. 3, 541 A.2d at 432 n. 3.

## ORDER

AND NOW, this 22nd day of July, 1994, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is now affirmed.

FRIEDMAN, Judge, concurring.

I concur with the majority's result here. However, in doing so, I rely on the fact that the 1992 amendment to the Borough Code, setting the minimum resident requirement for incorporation at 500, applies to applications and petitions presented on or after March 25, 1992.[1] Section 3 of the Act of December 18, 1992, P.L. 1650 (Act 181); *In re Incorporation of the Borough of Chilton,* 166 Pa.Commonwealth Ct. 28, 646 A.2d 13 (1994); *In re Incorporation of the Borough of Pocono Raceway,* 166 Pa.Commonwealth Ct. 15 n. 2, 646 A.2d 6 n. 2 (1994). Because Ashcombe, which filed its petition on April 6, 1992, has fewer than 500 residents, the minimum resident requirement precludes incorporation.

CRAIG, President Judge, joins in this concurring opinion.

---

1. In counties of the fifth class, the act applies to applications and petitions presented on or after the effective date of the Act. Because, as the majority points out, Cumberland County is a county of the fourth class, the exception relating to counties of the fifth class is not applicable here.