Jon W. MORELAND

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 11, 1997.

Decided Oct. 8, 1997.

---

Timothy P. Wile, Assistant Counsel In-Charge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellant.

Shawn M. Stevenson, Pittsburgh, for appellee.

Before COLINS, President Judge, and LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the order of the Court of Common Pleas of Allegheny County in which that court sustained Jon Moreland's (Moreland) statutory appeal of a one-year license suspension imposed under Section 1532(b)(3) of the Vehicle Code (Code), 75 Pa.C.S. § 1532(b)(3),[1] because DOT had no authority to suspend the license under the Driver License Compact of 1961 (Compact).

By notice dated March 29, 1996, DOT informed Moreland that as a result of his February 1996 Ohio conviction for driving under the influence, which DOT said was equivalent to violation of 75 Pa.C.S. § 3731, DOT was suspending his operating license for one year as mandated by 75 Pa.C.S. § 1532(b)(3).

Our review of a common pleas decision in a license suspension case is limited to determining whether necessary findings of fact are supported by competent evidence of record and whether the trial court committed errors of law or abused its discretion. *Com-*

monwealth v. Danforth, 530 Pa. 327, 608 A.2d 1044 (1992). Before this Court, DOT asserts 1) that it had the authority to suspend Moreland's license under the Compact as of January 1, 1995 and 2) in the alternative, that the legislature cured the "procedural defect" in the Commonwealth's entry into the Compact by its December 10, 1996 enactment, 75 Pa.C.S. § 1581.

DOT's first claim has been addressed by this Court in our decision in *Sullivan v. Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 5 (Pa.Cmwlth. 1996), *petition for allowance of appeal granted,* 547 Pa. 734, 689 A.2d 237 (1997). As for DOT's second claim, the legislature's December 10, 1996 enactment of the Compact did not provide DOT with the authority to suspend Moreland's license in March 1996 based on a February 1996 conviction, which preceded the legislature's enactment. DOT's authority under the Compact does not pre-date the legislature's December 10, 1996 enactment of the Compact. Accordingly, the order of the Court of Common Pleas of Allegheny County is affirmed.

### ORDER

**AND NOW,** this 8th day of October, 1997, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

---

1. 75 Pa.C.S. § 1532(b)(3) requires DOT to suspend for one year the operating privilege of any

person convicted under 75 Pa.C.S. § 3731 of driving under the influence of alcohol (DUI).