**PLEASANT HILLS CONSTRUCTION CO., INC., Appellant,**

**v.**

**BOROUGH OF RANKIN.**

Commonwealth Court of Pennsylvania.

Argued Nov. 5, 1997.

Decided Feb. 25, 1998.

Charles F. Scarlata, Pittsburgh, for appellant.

Gregory A. Castelli, Pittsburgh, for appellee.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Pleasant Hills Construction Company, Inc. (Contractor) appeals from an order of the Court of Common Pleas of Allegheny County that denied Contractor's motions for post-trial relief following a nonjury trial in Contractor's action to recover the cost of a building permit fee that Contractor paid to the Borough of Rankin (Borough). Contractor questions whether it was required to obtain a permit at all, because assertedly none was required and it was so advised by Borough authorities. If a permit was required, Contractor questions whether it was subject to pay an increased fee based upon an ordinance enacted after the project was approved, the contract was signed and work was begun.

■ The trial court found that Contractor was awarded a contract for approximately $2.3 million to do plumbing and heating work as a prime contractor in connection with a renovation project with a total value of $9 million at Hawkins Village in the Borough. The contract was awarded by the Allegheny County Housing Authority. Michael Hartman, Contractor's Project Manager, testified that he inquired with the Borough as to the requirement for a permit for plumbing work, but he did not disclose the project name or the nature of the contract or the extent of the work to be performed. Contractor commenced work sometime after July 7, 1993. The Borough ultimately cited Contractor for doing work without the appropriate permit.

On June 8, 1994, Contractor filed an application for a permit with the Borough. The Borough required that Contractor pay the fee under Ordinance 322, which became effective August 2, 1993.[1] The trial court decided in favor of the Borough and denied post-trial relief, and Contractor appealed.[2]

Contractor first contends that its activities did not require a building permit. Ordinance 213 speaks of "General Building Permits." Contractor asserts that it was not doing general contracting; therefore, no permit was required for the plumbing and heating work that it performed. The Borough responds by quoting Ordinance 213, which, under the heading "Building Permits" and the sub-heading "Purpose" provides: "To determine compliance with the provisions of this Ordinance, no person shall erect, alter, move or convert any structure or building, or any part thereof, nor alter the use of any land, until a Building Permit has been issued by the Zoning Official." Joint Ex. 1.

■ Contractor does not assert that its activity did not involve "altering" a structure or building. Although Hartman did not agree that the project involved a "complete renovation" of the units, he acknowledged that the work involved taking out some walls. N.T., p. 29. The Borough's witness Elfred T. Rohm, the Code Enforcement Officer for the Steel Valley Council of Governments, testified, in regard to the nature of his inspection of the plumbing work at the Hawkins Village project, that there was a large degree of gutting rehabilitation and reconfiguring of units involved, such as relocating bathrooms within units. N.T., pp. 88–89. Hartman testified that Contractor was not a subcontractor either to Pan Building Corporation, which was the general construction contractor, or to the electrical construction contractor. N.T., p. 28. The testimony and the plain language

1. The Borough admitted that Ordinance 322 modified the previous schedule for building permit fees under Ordinance 213 such that the amount due under the later Ordinance was $16,353, representing an increase of $11,677 over the fee of $4,676 that would have been due otherwise. Contractor paid the lower amount on June 8, 1994; it paid the balance on January 18, 1995, under protest and with the reservation of the right to seek recovery.

2. This Court's review of an order in a case in which the trial court has acted as the finder of fact is limited to determining whether the trial court committed an error of law or failed to base its findings upon substantial evidence. *Grand Central Sanitary Landfill, Inc. v. Township of Plainfield*, 138 Pa.Cmwlth. 640, 589 A.2d 767 (1991).

of Ordinance 213 offer no support for Contractor's position but rather indicate that a permit was required for the type of work Contractor performed.

■ Next Contractor argues that it should not have to secure a permit because it was advised by the Borough's Secretary and its Solicitor that none was required. It disputes the trial court's finding that Hartman did not provide notice to Borough personnel about the project involved when he made his inquiries, citing the testimony of Hartman at N.T., pp. 9–10 and 13–14. The first reference is to Hartman's response that he made a telephone call in January 1993, when asked by his counsel whether he had any communication with someone from the Borough concerning this project. Contrary to Contractor's representation to the Court, Hartman testified on cross-examination that he did not identify the project when he telephoned. N.T., p. 33. The second reference is to Hartman's testimony that he visited the Borough offices in June or July 1993 to ask about building permit fees, plumbing permits and sewer tap-ins. This testimony, however, does not include a statement that Hartman identified the project while he was there. Bruce D. Jamison, former manager of the Borough, testified that the Borough first learned of the project when the police informed him that construction equipment was appearing on site at Hawkins Village. N.T., p. 57.

Contractor refers also to a letter that Hartman sent to the Borough's Solicitor on May 19, 1994, Plaintiff's Ex. 3, stating that the Solicitor told Hartman approximately one year earlier that the general contractor, Pan Building, would have to receive a building permit from the Borough but that the plumbing/mechanical contractor would not. When the letter was introduced, however, Hartman testified that his conversations with the Solicitor had taken place roughly six months before the date of the letter, after the Borough demanded in November 1993 that Pan Building secure a building permit. Thus Contractor presented no evidence that it identified the Hawkins Village renovation project to Borough officials as the subject of its inquiries before it made its bid in March 1993 or

before it started work after receiving the award of the contract on June 22, 1993. The trial court correctly concluded that Borough officials could not have misled Contractor when it failed to provide adequate information.

■ Contractor next argues that, if it is responsible to pay the building permit fee, then the fee should be calculated under the ordinance that was in place in June 1993, when Contractor was awarded the contract and commenced work. It cites Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926: "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." This provision has been held to apply equally to ordinances. *Appeal of Sawdey*, 369 Pa. 19, 85 A.2d 28 (1952). This Court stated in *Commonwealth, Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corp.*, 54 Pa.Cmwlth. 376, 421 A.2d 521 (1980), that a law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence. Contractor asserts that the Borough attempts to give retroactive effect to the August 2, 1993 ordinance by basing the fee for the building permit upon it, although the contract was bid, awarded and signed and work was commenced while the former ordinance was in effect.

In addition, Contractor disputes the trial court's application of *Board of Commissioners of South Whitehall Township, Lehigh County v. Toll Bros., Inc.*, 147 Pa.Cmwlth. 298, 607 A.2d 824 (1992), *appeal denied*, 533 Pa. 621, 619 A.2d 702 (1993). There a township board of supervisors, after approving two housing development plans, increased water and sewer connection fees from $500 to $4,000 per lot. The developer had paid the connection fees for nine of the lots before the increase, but it protested having to pay the higher fees after the increase took effect. Section 508(4)(ii) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508(4)(ii), provides that when a plat is approved, no change in the zoning, subdivision or other governing ordinance shall be applied to ad-

versely affect the right of the applicant to commence and to complete the development in accordance with the terms of the approval within five years. This Court held that the increased connection fees adversely affect the right to complete the developments and affirmed an order for a refund of amounts paid under the new fee schedule.

In the present case, Contractor did not attempt to secure a permit until June 8, 1994 and did not successfully submit a completed application until January 18, 1995. The trial court stated that the building permit fee under the new ordinance was in effect when Contractor ultimately applied for permits and that to apply an ordinance in effect at some other time would be contrary to the reality of the facts of this case. Contractor argues that *Toll Bros., Inc.* stands for the proposition that once a plan is approved, subsequent increases in fees should not be paid by a contractor, and it avers, without citation to the record, that the Borough approved this project before construction began. The Court, however, concludes that the Borough's demand for payment of building permit fees under the amended fee schedule did not constitute a retroactive application of Ordinance 322.

In the case of *R & P Services, Inc. v. Department of Revenue*, 116 Pa.Cmwlth. 230, 541 A.2d 432 (1988), a cigarette stamping agent and wholesale dealer applied for a new annual cigarette dealer's license. Shortly thereafter, new regulations took effect that authorized denial of such applications if the applicant or licensee was delinquent in paying certain taxes, as was the applicant in question. The Court stated that where no vested right or contractual obligation is involved, an act or regulation is not impermissibly construed retroactively when it is applied to a condition existing on its effective date, even though the condition results from events that occurred before that date, citing *Creighan v. City of Pittsburgh*, 389 Pa. 569, 132 A.2d 867 (1957). The Court noted that

the applicant had no vested right to a license for the year 1986. A vested right is one that is fixed and without condition, *Ashbourne School v. Department of Education*, 43 Pa. Cmwlth. 593, 403 A.2d 161 (1979), but the right to be a cigarette stamping agent or wholesale dealer was conditioned on the power of the Department of Revenue to ensure through its licensing that no untaxed cigarettes are sold. The fact that taxes were due and owing when the application was considered and denied did not constitute retroactive application of the regulations.[3]

The Court concludes first that Contractor had no vested right to receive a building permit under the previous fee schedule. One reason is that its right to a building permit depended upon an event that was uncertain, namely the approval of the building permit application by the Zoning Official. Unlike the situation in *Toll Bros., Inc.*, where the right to connect water and sewer lines once the plan was approved was contingent only upon payment of the proper fee, here Ordinance 213 requires the applicant to submit plans of the lot involved, showing existing and proposed structures and such other information as may be necessary to determine compliance with the ordinance. The Zoning Official shall issue a building permit "provided he is satisfied that the structure, building, sign, parking area of the premises, and the proposed use thereof, conform with all requirements of this Ordinance...." Joint Ex. 1.

Further, the imposition of the higher fee here did not impair the obligation of Contractor's contract with the Housing Authority. Hartman stated on cross-examination that the general conditions in the bidding documents required the successful bidder to obtain all required permits. N.T., pp. 29, 36–39. By commencing construction without the required building permit from the Borough, Contractor placed itself in violation of both Ordinance 213 and the terms of its contract.

---

3. *See also Lykins v. Workmen's Compensation Appeal Board (New Castle Foundry)*, 671 A.2d 253 (Pa.Cmwlth.), *appeal granted*, 546 Pa. 650, 683 A.2d 887 (1996) (Court held no retroactive application of statute where offset of unemployment compensation benefits against workers' compensation benefits was required under Section 204 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended by* Section 4 of the Act of June 24, 1996, 77 P.S. § 71, because claimant first sought unemployment compensation benefits after effective date of amendment).

Because Contractor failed to make sufficient inquiries to learn of the need for a permit, this case does not even present the problem of an increase in the fee after the submission of a proper and complete application for a permit. Accordingly, the trial court correctly concluded that the Borough did not apply Ordinance 322 retroactively when the Borough required Contractor to pay the higher fee on Contractor's 1994 building permit application.

### ORDER

AND NOW, this 25th day of February, 1998, the order of the Court of Common Pleas of Allegheny County is affirmed.