David E. TOURING

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 17, 1998.

Decided May 15, 1998.

Marc A. Werlinsky and Timothy P. Wile, Harrisburg, for appellant.

Timothy E. Possenti, Media, for appellee.

Before COLINS, President Judge, KELLEY, J., and McCLOSKEY, Senior Judge.

COLINS, President Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the order of the Court of Common Pleas of Delaware County (trial court) sustaining David Touring's (Touring) statutory appeal of a one-year license suspension imposed under 75 Pa.C.S. § 1532(b)(3) and § 1581, Article IV (Driver License Compact or Compact).[1]

■ On April 21, 1997, Touring was convicted in Maryland for driving under the influence on November 3, 1996. Maryland is a party state to the Driver License Com

---

1. 75 Pa.C.S. § 1532(b)(3) requires DOT to suspend for one year the operating privilege of any person convicted under 75 Pa.C.S. § 3731(a) of driving under the influence of alcohol (DUI). 75

Pa.C.S. § 1581, Article IV(a)(2), requires DOT to give the same effect to a DUI conviction in a party state as that conduct would have in the home state.

pact,[2] and as such it reported Touring's conviction to DOT, which suspended Touring's license. Touring appealed the suspension on several grounds, of which the trial court addressed only one.[3]

Citing our decision in *Moreland v. Department of Transportation, Bureau of Driver Licensing,* 701 A.2d 294 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 550 Pa. 567, 707 A.2d 1138 (1998), the trial court sustained Touring's appeal because the DUI offense took place before the Compact's effective date. The trial court therefore concluded that DOT lacked the authority to impose the suspension.

Because the facts of the instant case are entirely distinguishable from those in *Moreland,* we reverse. In *Moreland,* the date of the offense, the out-of-state conviction, and the date of DOT's notice of suspension all pre-dated the effective date of the Compact. In the instant case, the conviction on which DOT based Touring's suspension occurred after the effective date of the Compact, and DOT had the authority to impose the suspension.

 DOT's imposition of the suspension based on the April 1997 conviction does not constitute a retroactive application of the Compact. As of the Compact's effective date, DOT had authority to act on subsequent reports of applicable out-of-state convictions. The condition triggering application of the Compact was the conviction, which occurred after the effective date of the Compact; therefore, its application was prospective and not retrospective.[4] A statute does not operate retrospectively merely because some predicate facts existed prior to its effective date.[5]

Accordingly, we reverse the trial court's order and remand this matter for consideration of the remaining issues raised by Touring in his statutory appeal.

### ORDER

AND NOW, this 15th day of May, 1998, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is reversed, and this matter is remanded to the trial court for consideration of the remaining issues raised in the statutory appeal.

Jurisdiction relinquished.

---

**2.** Maryland joined the Compact by enactment of Md.Code, Trans. Article §§ 16–701—16–708.

**3.** Our review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether it committed an error of law or abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). Only the issue of DOT's authority to suspend Touring's license under the

Compact as of its effective date is before us on appeal.

**4.** *See R & P Services, Inc. v. Department of Revenue,* 116 Pa.Cmwlth. 230, 541 A.2d 432 (1988).

**5.** *See Gehris v. Commonwealth Department of Transportation,* 471 Pa. 210, 215, 369 A.2d 1271, 1273 (1977).