# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael D. Herb, : **CASES CONSOLIDATED**
          Petitioner :
           :
          v. :
           :
Workers' Compensation Appeal :
Board (Pennsylvania State System of :
Higher Education), : Nos. 1187 and 1192 C.D. 2019
          Respondent :
           :
           :
Pennsylvania State System of :
Higher Education/Kutztown :
University, :
          Petitioner :
           :
          v. :
           :
Workers' Compensation Appeal :
Board (Herb), : Nos. 1200 and 1201 C.D. 2019
          Respondent : Submitted: August 14, 2020


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: April 5, 2021


      In these consolidated cases, Michael D. Herb (Claimant) and the

Pennsylvania State System of Higher Education/Kutztown University (Employer)

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

petition for review of: (1) the August 5, 2019 Opinion and Order of the Workers' Compensation Appeal Board (Board) that affirmed the January 17, 2019 decision and order of the Workers' Compensation Judge (WCJ) granting both Claimant's Petition to Reinstate Compensation Benefits (Reinstatement Petition) and Claimant's Petition to Modify Compensation Benefits (Claimant's Modification Petition) pursuant to the Workers' Compensation Act[2] (Act); and (2) the August 5, 2019 order of the Board that affirmed the WCJ's April 19, 2019 decision and order denying Employer's Petition to Modify Compensation Benefits (Employer's Modification Petition) under the Act. Upon review, we affirm.

## I. **Background**

The underlying facts of the matter are straightforward and not in dispute. On March 30, 1998, Claimant sustained a work-related injury for which he received total disability payments. *See* Workers' Compensation Appeal Board Opinion and Order dated August 5, 2019 (Board Opinion)[3] at 1. On July 1, 2009, Claimant underwent an impairment rating evaluation (IRE) under former Section 306(a.2) of the Act[4] that yielded a 12% impairment rating. *See* Board Opinion at 1. The IRE impairment rating was based on the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides).

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[3] The Board issued two identical opinions on August 5, 2019, first to address the Reinstatement Petition and Claimant's Modification Petition and second to address Employer's Modification Petition, which petitions the Board consolidated for review and disposition. *See generally* Board Opinion. For clarity's sake, we refer to both August 5, 2019 decisions collectively herein as "Board Opinion."

[4] Added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

*Id.* On August 8, 2011, Employer filed a Petition for Modification of Benefits based on the IRE. *Id.* The Petition for Modification of Benefits was granted, resulting in the conversion of Claimant's disability status from total disability to partial disability effective July 1, 2009, the date of the IRE. *Id.* Claimant neither raised the constitutionality of Section 306(a.2) of the Act during the litigation of Employer's Petition for Modification of Benefits nor appealed the change in disability status following the grant of the petition. *Id.*

Following this Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), and our Supreme Court's determination in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*), on November 6, 2017, Claimant filed both the Claimant's Modification Petition, which asserted that his IRE impairment rating was invalid because it was based on an unconstitutional IRE, and the Reinstatement Petition, which sought the reinstatement of his total disability status as of July 1, 2009. *See* Board Opinion at 1-2. By decision and order dated January 17, 2019, the WCJ granted both petitions. *See* Board Opinion at 2; *see also* WCJ Decision dated January 17, 2019 (First WCJ Decision) at 4-5 & 7. However, pursuant to this Court's decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018), the WCJ reinstated Claimant's total disability status as of only November 6, 2017, the date on which Claimant filed the Reinstatement Petition. *See* Board Opinion at 2; *see also* First WCJ Decision at 5-7. Both Claimant and Employer appealed to the Board.

While the appeal of the Reinstatement Petition and Claimant's Modification Petition was pending, on November 1, 2018, Employer filed the

3

Employer's Modification Petition seeking to maintain Claimant's partial disability status based on Act 111, which the General Assembly had enacted in the meantime in response to *Protz II*. *See* Board Opinion at 2; *see also* Employer's Modification Petition. The Employer's Modification Petition claimed that, because the IRE had been performed using the Sixth Edition of the AMA Guides, it complied with the requirements of Act 111 and could be employed to modify Claimant's status from total to partial disability since it had yielded an impairment rating of less than 35%. *See* Board Opinion at 2; *see also* Employer's Modification Petition. The Employer's Modification Petition also claimed entitlement to a credit for partial disability benefits paid to Claimant by Employer since July 1, 2009. *See* Board Opinion at 2. The WCJ denied the Employer's Modification Petition by decision and order dated April 19, 2019. *See* Board Opinion at 2; *see also* WCJ Decision dated April 19, 2019 (Second WCJ Decision) at 4-6. The WCJ determined that Act 111 did not permit the resurrection of the previous IRE to justify an ongoing modification of Claimant's disability status. *See* Second WCJ Decision at 5. Further, the WCJ determined that Employer was not entitled to a credit for weeks of compensation paid in partial disability status because the amount of compensation was the same as what Claimant received while in total disability status. *Id.* Employer appealed to the Board.

The Board consolidated the appeal of the Reinstatement Petition and the Claimant's Modification Petition with the Employer's Modification Petition appeal and issued identical opinions disposing of both appeals on August 5, 2019. *See generally* Board Opinion. The Board determined that, per *Whitfield*, the WCJ did not err in reinstating Claimant's total disability status as of November 6, 2017, the date on which Claimant filed the Reinstatement Petition. *See* Board Opinion at

4

2-4. The Board also found that Act 111 must be given prospective effect only and did not, therefore, resurrect or otherwise allow for the use of the July 1, 2009 IRE, which had been completed prior to Act 111's October 24, 2018 enactment date, to justify an ongoing modification of Claimant's disability status. *See* Board Opinion at 4-6. Lastly, the Board disagreed with the WCJ's reasoning on the credit issue that Employer was not entitled to a credit for partial disability payments made to Claimant because the payment amounts remained the same whether characterized as total or partial disability. *See* Board Opinion at 6-9. Instead, after acknowledging that the identification of the status of benefits received as total or partial disability bears directly on a claimant's 500 weeks of entitlement to partial disability benefits,[5] the Board reviewed the language of Sections 3(1) and 3(2) of Act 111 and determined that Act 111's credit provisions are not triggered until an employer seeks an IRE under the new Act 111 IRE process. *See* Board Decision at 7-9. The Board determined that, because the July 1, 2009 IRE had not been initiated under the Act 111 IRE provisions, it could not properly be used to trigger the credit provisions contained in Act 111 Sections 3(1) and 3(2), and, therefore, the WCJ did not err in denying the Employer's Modification Petition. *See* Board Opinion at 8-9. Accordingly, the Board affirmed both the WCJ's grant of the Reinstatement Petition and Claimant's Modification Petition and the WCJ's denial of the Employer's Modification Petition. *See* Board Opinion at 9-10. Both parties appealed to this Court.

---

[5] Section 306(b)(1) of the Act, 77 P.S. § 512(1), limits a claimant's receipt of partial disability benefits to a total of 500 weeks.

5

## II. Appeal

On appeal,[6] Claimant argues that the Board erred in affirming the WCJ's grant of the Reinstatement Petition because the WCJ only reinstated Claimant's total temporary disability benefits as of the date of the filing of the Reinstatement Petition and not as of the date of the IRE. *See* Claimant's Brief at 13-27. Specifically, Claimant alleges that, because the *Protz II* decision declared the entire former IRE section of the Act unconstitutional, Claimant is entitled to full retroactive application of *Protz II*, the result of which Claimant argues would be complete reinstatement of his total disability status as of the date of the IRE that was used to modify his status to partial disability. *See id.* at 13-25.

Employer, on the other hand, argues that the WCJ correctly determined that Claimant is not entitled to reinstatement of his total disability status as of the date of the IRE. *See* Employer's Brief at 16-17. Employer claims, however, that the WCJ erred by failing to award an ongoing modification of Claimant's disability status to partial disability based on the 12% impairment rating from the July 1, 2009 IRE, which Employer claims was performed in accordance with the requirements of Act 111. *See* Employer's Brief at 18-27. Employer also claims it is entitled to a credit toward Claimant's 500 weeks of partial disability payments for all weeks of partial disability paid to Claimant. *Id.*

### A. *Review of Applicable Law*

A brief review of the relatively recent case law and statutory developments will aid in contextualizing the issues and arguments involved in this

---

[6] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Whitfield*, 188 A.3d at 605 n.6.

matter. Prior to *Protz I*, the Act permitted an employer to require a claimant to undergo an IRE to determine his disability rating once a claimant had received 104 weeks of total temporary disability benefits as a result of a work-related injury. *See former* Section 306(a.2) of the Act, *formerly* 77 P.S. § 511.2. If the IRE yielded an impairment rating of less than 50%, former Section 306(a.2) of the Act provided for modification of the claimant's disability status from total disability to partial disability. *Id.* Under former Section 306(a.2), examining physicians were to employ "the most recent edition of the [AMA Guides]" to determine an employee's impairment rating. *Id.* At the time former Section 306(a.2) was enacted, the Fourth Edition of the AMA Guides was in effect.

On September 18, 2015, this Court issued its opinion in *Protz I*. Therein, we determined that former Section 306(a.2) of the Act impermissibly delegated legislative authority in contravention of the non-delegation doctrine of the Pennsylvania Constitution[7] by prospectively approving versions of the AMA Guides beyond the Fourth Edition without review. *See Protz I*, 124 A.3d at 415-16. Accordingly, we remanded the matter for the WCJ to employ the Fourth Edition of the AMA Guides. *Id.* at 417.

Thereafter, on June 20, 2017, our Supreme Court issued its decision in *Protz II*, which went one step further regarding the constitutionality of former Section 306(a.2) of the Act. In *Protz II*, the Supreme Court agreed with this Court

---

[7] Article II, section 1 of the Pennsylvania Constitution contains the non-delegation doctrine and provides as follows:

> The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives.

Pa. Const. art. II, § 1.

that the General Assembly had unconstitutionally delegated its lawmaking authority in enacting former Section 306(a.2). *See Protz II*, 161 A.3d at 838-40. However, the Supreme Court determined the offending language of former Section 306(a.2) could not be severed from the rest of that section. *Id.* at 839-41. Therefore, the Supreme Court struck the entirety of former Section 306(a.2) from the Act. *Id.* at 841.

In June 2018, this Court considered the implications of *Protz II* for a claimant whose disability status had been modified pursuant to a now-unconstitutional IRE performed in 2008, who had not challenged the constitutionality of the IRE at the time, and who had sought the reinstatement of her disability status from partial back to total disability following the *Protz* decisions. *See Whitfield*. In *Whitfield*, this Court examined the retroactive effect of *Protz II* and declined to find *Protz II* generally retroactive. *See Whitfield*, 188 A.3d at 617. The Court determined instead that, if a claimant demonstrates an ongoing disability from the work injury, the claimant is entitled to reinstatement of total disability status as of the date of the filing of the reinstatement petition. *See id.* at 614-16.[8] We noted that "[a] law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence." *Id.* at 616 (quoting *Dep't of Lab. & Indus., Bureau of Emp't Sec. v. Pa. Eng'g Corp.*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980)). We further noted that the decision to reinstate the total disability status of a claimant who had not challenged her IRE impairment rating "[did] not impose any new legal

---

[8] We acknowledge that in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018), this Court held that a claimant who was actively litigating his IRE at the time the Supreme Court issued *Protz II* would be entitled to reinstatement of his total disability status as of the date of the IRE, a result recently affirmed by our Supreme Court. *See Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 232 A.3d 629 (Pa. 2020). However, this case is inapplicable to the instant matter, as Claimant here was not in the process of challenging his IRE impairment rating at the time the Supreme Court issued *Protz II*.

8

consequences based upon a past transaction." *Whitfield*, 188 A.3d at 616. We explained:

> Simply because *Protz II* is being applied to a case that arose from a work injury and a change in disability status that predates it does not mean it operates retroactively. It would be retroactive if it related back and gave a prior transaction a legal effect different from that which it had under the law in effect at the time. This decision does not alter [the c]laimant's past status. Rather, it gives effect to the [the c]laimant's status as it existed at the time she filed her reinstatement petition[.]

*Id.* at 617 (internal citations and original emphasis omitted).

Thereafter, on October 24, 2018, the General Assembly enacted Act 111, which replaced former Section 306(a.2) of the Act with new Section 306(a.3) of the Act and became effective immediately. New Section 306(a.3) largely reenacted former Section 306(a.2) with two significant differences. First, new Section 306(a.3) specifies that IREs must utilize the Sixth Edition, second printing (April 2009) of the AMA Guides in attributing impairment ratings. *See* Section 306(a.3)(1) of the Act, 77 P.S. § 511.3(1). Second, new Section 306(a.3)(2) reduces the threshold impairment rating required under which a claimant's disability status may be modified from total disability to partial disability from 50% to 35%. *See* Section 306(a.3)(2) of the Act, 77 P.S. § 511.3(2).

## B. *Analysis*

1. *The proper date of reinstatement of Claimant's total disability status*.

We turn first to Claimant's argument that the WCJ and the Board should have reinstated his total temporary disability status, and therefore benefits, as

9

of the date of the IRE that originally altered his status, and not merely back to the date of the Reinstatement Petition's filing. This claim is controlled by this Court's *en banc* decision in *Whitfield*, which addressed this very issue.

*Whitfield* involved a claimant whose disability status was changed from total to partial disability based on a 2008 IRE, which the claimant did not challenge until after this Court's *Protz I* decision. After a workers' compensation judge denied her reinstatement petition and the Board affirmed, the claimant appealed to this Court. As discussed *supra*, this Court determined that, where a claimant seeks reinstatement of total disability benefits when the claimant's original disability status change was based on a now-unconstitutional IRE but was not appealed, upon the demonstration of a continuing disability, the claimant is entitled to reinstatement to total disability status as of the date of the filing of the reinstatement petition. *See Whitfield*, 188 A.3d at 616.

This Court again recently determined this very issue in another *en banc* decision, *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020). In *White*, the Court reviewed the applicable law and the timeline of the case and again determined that a claimant who did not appeal the modification of the status of her disability benefits from total to partial disability under a now-unconstitutional IRE was entitled to reinstatement of her total disability status as of the date of the filing of the reinstatement petition, not the effective date of the change in disability status. *See White*, 237 A.3d at 1230-31; *see also Simmons v. Workers' Comp. Appeal Bd. (Sunoco, Inc. (R&M))* (Pa. Cmwlth., No. 51 C.D. 2018, filed Dec. 6, 2018),[9] slip op. at 7-8 (same).

---

[9] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

10

This case presents the same scenario as both *Whitfield* and *White*: a reinstatement petition in which Claimant seeks the reinstatement of his total disability status as of the date of the now-unconstitutional IRE on which his original disability status change was based. As in *Whitfield* and *White*, Claimant did not previously appeal his original disability status change following the July 1, 2009 IRE. As such, this case requires the same result as *Whitfield* and *White*, to wit, the reinstatement of Claimant's total disability status as of the date Claimant filed the Reinstatement Petition. This is precisely the result the Board rendered. Accordingly, we find no error in the Board's affirmance of the WCJ's reinstatement of Claimant's total temporary disability benefits as of the date of the filing of the Reinstatement Petition as opposed to the date of the IRE. *White*; *Whitfield*.[10]

2. *Whether the July 1, 2009 IRE may be used to modify Claimant's disability status under Act 111*.

Next, we address Employer's claims that the Board erred by not employing the July 1, 2009 IRE to modify Claimant's disability status to partial disability, since the IRE complied with the requirements of Act 111 in that it employed the Sixth Edition of the AMA Guides to assign Claimant a 12% impairment rating. *See* Employer's Brief at 18-27.

---

[10] We acknowledge Claimant's allegation that this Court improperly decided *Whitfield* by failing to apply retroactivity guidelines discussed in *Blackwell v. State Ethics Commission*, 589 A.2d 1094 (Pa. 1991). *See* Claimant's Brief at 25-27. We note that the *Whitfield* Court appropriately examined the retroactivity implications of *Protz II* in determining the proper date to which a claimant who filed a reinstatement petition following *Protz*, but who had not previously challenged his IRE impairment rating, is entitled, Claimant's objections to our analysis notwithstanding. *See Whitfield*, 188 A.3d at 614-17. Therefore, we reject, as did the Board (*see* Board Opinion at 3-4), Claimant's claim to the extent it contends that this Court improperly decided *Whitfield*.

11

This Court recently examined this issue in *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020). *Rose Corporation* involved an IRE performed under the Sixth Edition of the AMA Guides that resulted in an impairment rating of 5% and which the employer sought to utilize to maintain the claimant's partial disability status through the retroactive application of Act 111. The Court initially noted that, "[p]ursuant to the rules of statutory construction, no statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." *Rose Corp.*, 238 A.3d at 559 (quoting Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926) (internal quotation marks and brackets omitted). Accordingly, the Court noted that, absent clear statutory language to the contrary, statutes generally must be given only prospective effect. *See id.* The Court then reviewed the relevant retroactivity text of Section 3 of Act 111, which provides:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [A]ct, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the [A]ct.
>
> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

12

*Id.* at 561 (quoting Section 3 of Act 111) (emphasis omitted).  Of these provisions the Court observed:

> By its very terms, Section 3 does not provide that all of Act 111 applies retroactively.  Section 3 states that employers/insurers are given credit for weeks of total and/or partial compensation benefits paid prior to Act 111's enactment.  The plain language of Section 3 evidences legislative intent to give effect, after the passage of Act 111, to these weeks of compensation, although they were paid before the passage of Act 111.  Importantly, the General Assembly did not explicitly state or imply that an IRE previously performed before Act 111's enactment could be used to meet the requirements of Act 111.

*Id.* (emphasis omitted).  The Court concluded that Section 3 of Act 111 "does not evidence clear intent that the entirety of Act 111 should be given retroactive effect." *Id.* at 562.  The Court further determined that Act 111's reduction of the threshold to modify disability status from 50% to 35% represented a substantive change in the law, which would require express legislative language to apply retroactively.  *See id.* at 562-63.  The Court also noted that, as a result of *Protz II*, no law permitted the use of an IRE process to alter disability status prior to the enactment of Act 111, which contains no provision that specifically or implicitly allows for the validation of an IRE performed prior to Act 111's enactment.  *See id.* at 563-64.  Based on these findings, the Court determined that an IRE conducted before Act 111's October 24, 2018 enactment date could not be used as a basis for a change of disability status under Act 111.  *See id.*

As in *Rose Corporation*, the instant matter involves an IRE that Employer claims complies with the requirements of Act 111 in that it was conducted

under the Sixth Edition of the AMA Guides, the version required by Act 111.[11] However, for the reasons discussed in *Rose Corporation*, Act 111 cannot be applied retroactively and a pre-Act 111 IRE may not be employed to modify or maintain a disability status change. *See Rose Corp.*, 238 A.3d at 561-63. Additionally, as the Board noted, Claimant's condition may have changed between when the IRE was conducted and when Claimant filed the Reinstatement Petition. *See* Board Opinion at 6. Accordingly, the instant IRE, which was conducted prior to Act 111's enactment date and was unconstitutional under *Protz II*, cannot be used to maintain Claimant's previously-modified partial disability status despite complying with the requirements of Act 111. *See Rose Corp.*, 238 A.3d at 563-64. Accordingly, the Board did not err in denying this claim of the Claimant's Modification Petition.

3. *Credit for prior partial disability payments under Act 111.*

Finally, we address Employer's claim that it is entitled to a credit toward Claimant's 500 weeks of partial disability payments for all weeks of partial disability paid to Claimant. *See* Employer's Brief at 18-27. The WCJ and the Board each denied Employer's requested credit for the partial disability benefits paid to Claimant prior to the grant of the Reinstatement Petition, albeit for differing reasons. We find the Board's reasoning to be correct.

The WCJ denied the requested credit for past partial disability payments because Claimant's benefit rate remained unchanged whether the payments were categorized as partial disability or total disability payments. *See*

---

[11] Some dispute seems to exist as to whether the IRE was performed under the second printing of the Sixth Edition of the AMA Guides, as required by Act 111. *See* Board Opinion at 4, n.6. Our determination herein renders this detail irrelevant.

14

Second WCJ Decision at 5. The Board rejected the WCJ's reason for denying Employer credit for past partial disability payments[12] and noted instead as follows:

> The language of Sections 3(1) and [3](2) of Act 111 is clear and unambiguous. Section 3(1) states that the purpose of the credit for weeks of total disability compensation paid prior to October 24, 2018, is to determine whether an employee must submit to an IRE and whether the employee has received 104 weeks of total disability benefits under the new IRE provisions in Section 306(a.3)(1) of Act 111. As stated, the credit under this section would be triggered to calculate whether an employee has received 104 weeks of total disability benefits such that he or she would be required to submit to an IRE under Act 111.
>
> Section 3(2) states that the purpose for the credit for the weeks of partial disability compensation paid prior to October 24, 2018, is to determine the total number of weeks of partial disability compensation payable under Section 306(a.3)(1). Under this section, the employer would be entitled to a credit for the total number of weeks of partial disability an employee received prior to Act 111 in order to determine the remaining weeks of partial disability the employee would be entitled to receive under Act 111.

Board Opinion at 8. Based on this review of the statutory language, the Board concluded that the credit provisions of Act 111 are triggered only by the initiation of the IRE process under Section 306(a.3)(1) of Act 111. *See id.* The Board further

---

[12] The Board rejected the WCJ's reason for denying a credit for past partial disability payments based on the fact that Claimant received the same amount of money whether as partial or total disability payments, acknowledging that "the identification of those payments as either total or partial is essential because Section 306(b)(1) of the Act limits a claimant's receipt of partial disability benefits to 500 weeks." Board Opinion at 7.

15

concluded that, because Employer had not initiated the Act 111 IRE process, it had not yet triggered the Act 111 credit provisions and was therefore not entitled to any credits for previous partial disability payments made to Claimant. *Id.* at 8-9. Accordingly, the Board affirmed the WCJ's denial of the Employer's Modification Petition. *Id.* at 9.

The Board's position is consistent with this Court's recent case law. In conducting its Act 111 retroactivity analysis in *Rose Corporation* as discussed *supra*, this Court determined that an employer is entitled to a credit under Section 3 of Act 111 for the number of weeks of partial disability benefits previously paid a claimant prior to the claimant's reinstatement of total disability status pursuant to *Protz II*. *See Rose Corp.*, 238 A.3d at 561-62. The Court explained as follows:

> The plain language of Section 3 [of Act 111] establishes a mechanism by which employers/insurers may receive credit for weeks of compensation previously paid. First, Section 3(1) provides that an employer/insurer "shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph" for purposes of determining whether the 104 weeks of total disability had been paid. . . . Second, an employer/insurer will be given credit for any weeks of partial disability compensation paid prior to enactment of Act 111 "[f]or the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct." Section 3(2) of Act 111. In short, any weeks of partial disability previously paid will count towards the 500-week cap on such benefits.

*Id.* at 561-62. The Court noted the General Assembly's intent, in carefully selecting specific language, to create a credit for previous partial disability payments that would prevent employers/insurers from bearing the entire burden of the previous

16

IRE provisions of the Act being declared unconstitutional. *See id.* at 562. The Court further noted that the General Assembly balanced this credit with a benefit to claimants, namely the reduction, from 49% to 34%, of the impairment rating necessary to modify a claimant's disability status from total to partial. *See id.* The Court ultimately concluded:

> Assuming the change in status is either not appealed or upheld on appeal, [the e]mployer would be entitled to a credit for the weeks of partial disability benefits paid between [the date] when [the e]mployer obtained the first IRE and changed [the c]laimant's benefits to partial disability, and [the date] when [the c]laimant filed his [reinstatement p]etition. [The e]mployer would be liable for 500 weeks of partial disability compensation less the number of weeks of partial disability it previously paid[.]

*Rose Corp.*, 238 A.3d at 563. The Court's conclusions regarding an employer's entitlement to a credit for weeks of previously-paid partial disability compensation were hypothetical, however, only becoming effective "[s]hould [the e]mployer choose to obtain a new IRE that utilizes the Sixth Edition of the *Guides* and yields an impairment rating of less than 35%[.]" *Rose Corp.*, 238 A.3d at 563. Otherwise stated, an employer's entitlement to the credit provided for in Section 3 of Act 111 for weeks of previously-paid partial disability benefits is contingent upon and triggered by the employer's compliance with the requirements of Section 3 of Act 111, which includes seeking an Act 111-compliant IRE conducted after the enactment of Act 111. Further, this position is consistent with this Court's *en banc* decision in *White*, wherein we noted that the initiation of IRE procedures under Act 111 was a prerequisite to triggering an employer's entitlement to the Act 111 credit for previously-paid partial disability benefits. *See White*, 237 A.3d at 1231-32; *see*

17

*also Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 232 A.3d 629 (Pa. 2020) (implicitly adopting the position that a claimant must undergo a new Act 111-compliant IRE for Section 3(2) of Act 111 to have effect).

Here, Employer did not initiate the IRE process under Act 111, relying instead on the pre-Act 111 IRE, which it argued was Act 111 compliant, as discussed *supra*. Until Employer undertakes the necessary step of initiating the IRE process under Act 111, Employer's entitlement to a credit toward Claimant's 500 weeks of partial disability payments for the partial disability payments Employer previously paid to Claimant[13] will not be triggered. *Rose Corp.*; *White*. Therefore, the Board did not err in denying this claim of the Employer's Modification Petition.

### III. Conclusion

For the above reasons, we affirm the Board's Opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[13] These payments include those made between the date Employer changed Claimant's benefits from total to partial disability – July 1, 2009, the date of the IRE – through the date on which Claimant filed the Reinstatement Petition – November 6, 2017.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael D. Herb, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Pennsylvania State System of | : | |
| Higher Education), | : | Nos. 1187 and 1192 C.D. 2019 |
| Respondent | : | |
| | : | |
| | : | |
| | : | |
| Pennsylvania State System of | : | |
| Higher Education/Kutztown | : | |
| University, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Herb), | : | Nos. 1200 and 1201 C.D. 2019 |
| Respondent | : | |

## O R D E R

AND NOW, this 5th day of April, 2021, the August 5, 2019 Orders of the Workers' Compensation Appeal Board are AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael D. Herb, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 1187 and 1192 C.D. 2019 |
| | : | |
| Workers' Compensation Appeal Board | : | |
| (Pennsylvania State System of Higher | : | |
| Education), | : | |
| Respondent | : | |
| | | |
| Pennsylvania State System of Higher | : | |
| Education/Kutztown University, | : | |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 1200 and 1201 C.D. 2019 |
| | : | Submitted: August 14, 2020 |
| Workers' Compensation Appeal Board | : | |
| (Herb), | : | |
| Respondent | : | |

BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: April 5, 2021

Respectfully, I dissent.

The majority reinstates Michael D. Herb (Claimant) to total disability status as of November 6, 2017, the date on which he filed his reinstatement petition. I agree that this holding comports with *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), and *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018). I now believe, however, that *Rose Corporation* was

wrongly decided because it gives no effect to Act 111,[1] which was enacted after *Whitfield*.

Claimant's impairment rating evaluation (IRE) was conducted on July 1, 2009, under the Sixth Edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA Guides) and yielded an impairment rating of 12%. This IRE resulted in a change in Claimant's disability status from total to partial. Because this IRE was conducted in accordance with Act 111's IRE standards and yielded an impairment rating of less than 35%, Claimant is not entitled to be reinstated to total disability. Stated otherwise, Act 111 entitles Employer to credit for all weeks of partial disability paid to Claimant after July 1, 2009, to the present.

Section 3(2) of Act 111 states that "an insurer shall be given credit for weeks of partial disability compensation *paid prior to the effective date of this paragraph.*"[2] Act 111, §3 (emphasis added). This lookback provision, together with Act 111's immediate effective date, expressed an intention by the General Assembly to authorize the use of an IRE that conforms to Act 111's standards to determine a claimant's disability status, even if the IRE was done before the passage of Act 111. Accordingly, this Court erred when it stated as follows:

---

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Because the Supreme Court did not address Section 3(2) of Act 111 in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), that case is not dispositive of the issue raised in *Rose Corporation*.

[2] Section 3 of Act 111 states:

> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under section 306(a.3)(7) of the [Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1 - 1041.4, 2501-2710], *an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.*

Act 111, §3 (emphasis added).

> There is no provision in Act 111 which specifically or implicitly provides for an IRE performed **prior** to Section 306(a.3) [of Act 111]'s enactment to be validated afterward.

*Rose Corporation*, 238 A.3d at 563. To the contrary, that provision is found in Section 3(2) of Act 111.

Effectively, under *Rose Corporation*, an employer will receive credit for pre-Act 111 partial disability payments made to a claimant up to the date of the claimant's reinstatement petition regardless of what the pre-Act 111 IRE showed or how it was conducted. This is at odds with the language of Act 111. Only where the pre-Act 111 IRE has been conducted under the Sixth Edition of the AMA Guides and yielded an impairment rating of less than 35%, *i.e.*, one that satisfied Act 111's standards, may the employer receive credit for partial disability payments made "prior to the effective date" of Act 111. *See* Section 3(2) of Act 111. This construction gives effect to all of the provisions of Act 111.[3]

The majority's holding and the holding in *Rose Corporation* follow *Whitfield*, 188 A.3d 599, which makes the date of the reinstatement petition, not the manner by which the IRE was conducted or its result, dispositive of all questions. It is as if Act 111 was never enacted.[4] Section 3(2) of Act 111 has been rendered mere surplusage, which violates the clear directive of our Supreme Court on how courts must construe statutes. *Holland v. Mercy*, 883 A.2d 449, 456 (Pa. 2005) ("courts

---

[3] Conversely, Act 111 does not authorize credit for pre-Act 111 payments made on the basis of an IRE that showed an impairment rating of more than 35% but less than 50%, as was permitted under the law prior to Act 111. In that instance, the claimant is entitled to reinstatement to total disability as of the date of the pre-Act 111 IRE. This reinstatement is not automatic; it requires the timely filing of a reinstatement petition.

[4] The Board argues that Act 111 is effective only for IREs done after its effective date. The Board does not explain how an employer can get credit for payments made prior to Act 111 based on an IRE done after Act 111's passage.

must attempt to give meaning to every word in a statute as we cannot assume that the legislature intended any words to be mere surplusage").

I would reverse the Board.

_____
MARY HANNAH LEAVITT, President Judge