Commonwealth of Pennsylvania, Department of Labor & Industry, Bureau of Employment Security, Plaintiff *v.* Pennsylvania Engineering Corporation, Defendant.

Argued May 6, 1980, before President Judge CRUM-LISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG and WILLIAMS, JR. Judge MACPHAIL did not participate.

*John R. Falcone,* Assistant Attorney General, for plaintiff.

*Eugene K. Connors,* with him *James S. Cheslock* and *Walter G. Bleil, Reed, Smith, Shaw & McClay,* for defendant.

OPINION BY JUDGE WILLIAMS, JR., October 28, 1980:

Directed to this Court's original jurisdiction under Section 761(a)(2) of the Judicial Code,[1] the Pennsyl-

---

[1] 42 Pa. C. S. §761(a)(2).

vania Department of Labor and Industry, Bureau of Employment Security (plaintiff),[2] commenced an action in assumpsit against the Pennsylvania Engineering Corporation (defendant) to recover $14,115.00. The sum sued for represents moneys, which the defendant allegedly owes the Unemployment Compensation Fund by mandate of Section 704 of the Unemployment Compensation Law.[3]

The defendant filed an answer and new matter, which brought a reply from plaintiff. Thereafter both parties filed a motion for summary judgment; and those motions are the matter instantly before us.

Section 704 of the Unemployment Compensation Law was added by the Act of July 6, 1977, and became effective on January 1, 1978. Section 704 provides as follows:

> Any employer who *makes a deduction from a back wage award* to a claimant *because of the claimant's receipt of unemployment compensation benefits,* for which he has become ineligible by reason of such award, *shall be liable to pay into the Unemployment Compensation Fund an amount equal to the amount of such deduction.* When the employer has made such payment into the Unemployment Compensation Fund, his reserve account shall be appropriately credited. (Emphasis added.)

Because some of the facts underlying the plaintiff's claim preceded the effective date of Section 704, January 1, 1978, it is the defendant's contention that liability can be imposed only by giving the Section an unlawful retroactive application. We turn now to the facts that have generated that issue.

---

[2] Now "Office of Employment Security."

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by Section 8 of the Act of July 6, 1977, P.L. 41, 43 P.S. §864.

In October, 1976, prior to even the enactment of Section 704, defendant Pennsylvania Engineering Corporation laid off a number of its employees. Twenty-two of those employees applied for and were granted unemployment benefits. Between 1976 and May, 1977, those claimants received unemployment benefits totalling $14,115.00, which sum equals the moneys sought in this lawsuit.

The lay-offs caused labor grievances to be filed; and on May 23, 1977, an arbitrator ruled that the lay-offs were in violation of the labor agreement between the defendant and the employees' union. As a result, the arbitrator on that date awarded the laid-off workers back pay for the period they were out of work.

In December, 1977, before the effective date of Section 704, the defendant paid three of the workers their back wages pursuant to the arbitrator's award. However, the defendant deducted the sum of $1,896.00, which represented the sum those three had received in unemployment benefits. On February 7, 1978, more than one month after the effective date of Section 704, the defendant paid the other nineteen employees who had been laid off their back wages, but deducted from them the total sum of $12,219.00, which represented the sum they had received in unemployment benefits.

The defendant deducted and kept a total of $14,-115.00; and it is those moneys which the plaintiff, Bureau of Employment Security, seeks to recover in this suit on the strength of a statutory provision that became effective on January 1, 1978.

Section 1926 of the Statutory Construction Act of 1972[4] mandates that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." Absent clear language to the contrary, statutes are to be construed to

---

[4] 1 Pa. C. S. §1926.

operate prospectively only. *E.g., Gehris v. Department of Transportation,* 471 Pa. 210, 369 A.2d 1271 (1977); *Glancey v. Casey,* 447 Pa. 77, 288 A.2d 812 (1972). There is no language in Section 704 of the Unemployment Compensation Law which warrants giving it other than a prospective application.

However, the above principle of statutory construction becomes pertinent only after it has been determined that the proposed operation of the statute would indeed be retroactive. *Gehris, supra.* Therefore, the issue we must determine is whether the imposition of liability under Section 704 in this case constitutes giving that provision retroactive operation.

A retroactive law has been defined as one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired. *Page v. Shanksville-Stonycreek,* 29 Som. L.J. 126, 129 (1973); *Great Atlantic & Pacific Tea Co. v. Chesnut,* 55 Daup. 426, 428 (1944). A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence.

The critical language in Section 704 of the Unemployment Compensation Law is provided by the words, "any employer who makes a deduction . . . shall be liable to pay into the Unemployment Compensation Fund. . . ." The transaction that triggers the legal liability is the employer's act of making the deduction from the back wage award. The fact of a back wage award, standing by itself, would create no liability under Section 704; nor would the fact that the employee has become ineligible for his past unemployment benefits because of such an award. The employer has no liability under Section 704 unless or until he makes a deduction from the award.

When the instant defendant on February 7, 1978, deducted $12,219.00 from the back wage awards of

nineteen of its employees, that act was committed well beyond the effective date of Section 704. Therefore, as to that sum the defendant's liability was not created by any retroactive operation of the statute. It is true that the back wage awards as to those nineteen employees were made prior to the effective date of the statute. However, our Supreme Court has held that a statute does not operate retroactively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment. *Gehris, supra; Creighan v. Pittsburgh*, 389 Pa. 569, 132 A.2d 867 (1957).

As to the $1,896.00 in deductions made by the defendant on December 22, 1977, we are constrained to reach a different conclusion, by virtue of the principles we have stated. To the extent of that sum, the liability-creating act, the deduction, occurred prior to the effective date of Section 704, as did the facts and conditions upon which the Section's application depends.

The defendant also argues that the action in assumpsit by the Bureau of Employment Security represents an unlawful attempt by that agency to "redetermine" the initial eligibility of the twenty-two employees for unemployment compensation, after the benefits had been paid. Such is neither the purpose nor effect of an action under Section 704. The Bureau's lawsuit is not predicated on an idea that somehow the employees were ineligible under Section 402 of the Unemployment Compensation Law,[5] *ab initio*. Section 704 simply expresses a sound policy determination: that if the employer must pay the employees for their time out of work, then interim amounts received as unemployment benefits should come back into the Unemployment Compensation Fund for the use of others.

---

[5] 43 P.S. §802.

To allow the employer to deduct and retain the interim unemployment benefits would confer a windfall on the employer, which is not a sound result where the unemployment of the workers, in the first instance, is due to the employer's violation of a labor agreement. In this case the windfall the defendant gained by making deductions in December, 1977, is beyond the reach of Section 704. The deductions made after the effective date of that Section are not.

For the reasons set forth in this opinion, the plaintiff's motion for summary judgment is granted as to the deductions made after January 1, 1978; and the defendant's motion for summary judgment is granted as to the deductions made prior to January 1, 1978.[6]

### Order

And Now, the 28th day of October, 1980, the above plaintiff's motion for summary judgment is granted in part. Judgment is hereby entered in favor of the plaintiff and against the defendant for the sum of $12,219.00, together with interest.

As to the remaining $1,896.00 claimed for by the plaintiff, the defendant's cross-motion for summary judgment is granted *pro tanto*.

---

[6] There was no genuine issue as to any material fact.