## Greenberg v. Lower Merion School District and Township of Lower Merion

*Franklin H. Spitzer,* for plaintiff.
*Parker H. Wilson,* for Township of Lower Merion.
*Charles Potash,* for Lower Merion School District.

BROWN, *J.,* September 27, 1982—Plaintiffs contest the validity of the penalty imposed by defendant school district for the late payment of real estate taxes assessed on plaintiffs' properties in 1976. On July 1, 1976, defendant issued tax notices to plaintiffs, specifying taxes assessed and due on each of plaintiffs' properties. Each notice provided for a penalty of an additional five percent of the tax amount if payment were not received by October 29, 1976. On July 9, 1976, the Pennsylvania General Assembly passed an act amending section 10 of the Local Tax Collection Law to allow a penalty for non-payment of up to ten percent, effective in 60 days. 72 P.S. §5511.10. On September 13, 1976, pursuant to this act, the school district passed an ordinance raising the penalty rate for non-payment to the ten percent limit. On October 18, 1976, defendant issued second tax notices to plaintiffs, listing the same tax amount due as appeared on the July 1 notice, but increasing the penalty for non-payment by October 29 to ten percent. Plaintiff did not pay the tax and penalty until September 16, 1977, and then under protest.

Plaintiffs brought this action in assumpsit to recover the added five percent penalty which they claim was invalid. On plaintiffs' motion for summary judgment, we found for defendant and later at plaintiffs' specific request entered judgment for defendant thereby making the decision a final order.

Plaintiffs contend the imposition of a ten percent penalty was not valid because the original tax notice of July 1, 1976 listed only a five percent penalty. They argue the amount of penalty listed on the tax notice is final and binding upon the taxing authority, and cannot later be increased. The required notice of taxation is set forth in Section 6 of the Local Tax Collection Law, 72 P.S. §5511.6, which states in pertinent part:

Such notice shall contain—(1) the date of the tax notice; (2) the rate or rates of taxation; (3) the valuation and identification of the real property of such taxpayer; (4) the occupation valuation of such taxpayer, if any; (5) the several amounts of real and personal property and personal taxes for which said taxpayer is liable for the current year; (6) the total amount of said taxes; (7) a statement that such taxes are due and payable; and (8) a request for payment thereof . . . Such notice shall further designate a place and time where the taxes shall be paid and state the time during which an abatement of tax will be allowed, when full amount of tax will be collected, and when an additional percentage will be added as a penalty.

Initially it is clear that so far as pertinent to the issue before us, the only *amounts* which must be specified in the notice are the rate(s) of taxation and the total amount of taxes due. These amounts do not include the amount of penalty to be imposed in the future. Section 2 of the Local Tax Collection Law defines the word "taxes" to include "the penalties and interest imposed thereon." 72 P.S. §5511.2. Section 10, governing discounts and penalties, states that when a penalty is imposed it "shall be added to the taxes' . . ." 72 P.S. §5511.10. These sections show that a penalty does not become

part of the tax amount until it is actually imposed. Because the penalty amount listed in the notice was potential, it was not part of the "taxes" and need not have been specified as such in the notice.

Secondly, the only requirement of notice relating to the penalty is the requirement that the notice "state . . . *when* an additional percentage will be added as a penalty." (Emphasis added.) The language of this section does not relate to the amount of penalty, but only to the time and manner in which it is to be imposed. Therefore, we hold that defendant school district has complied with the notice requirements by giving notice of the date on which a penalty would be imposed. Defendant was not required to list a penalty amount in the notice, and should not now be bound by a penalty amount which appeared therein. When due, the school district could impose the penalty then allowed by the enabling legislation and the enacted ordinance without violating the notice requirement of Section 6.

Plaintiffs also contend the ten percent penalty was invalid because the statute allowing the increase was applied retroactively. Absent clear language to the contrary, statutes are to operate prospectively only. 1 Pa. Con. Stat. §1926, Gehris v. Com., Dept. of Transportation, 471 Pa. 210, 369 A. 2d 1271 (1977); Com., Bureau of Empl. Security v. Pa. Engineering Corp., 54 Pa. Commw. 376, 421 A. 2d 521 (1980). A law is given retroactive effect when it imposes new legal burdens on a past transaction or occurrence. However, a law does not operate retroactively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment. Pa. Engineering Corp., 54 Pa. Commw. at 380-81, 421 A. 2d at 523-24.

In Gehris, supra, an amendment to the Eminent Domain Code created a right to limited reimbursement for appraisal fees related to a condemnation proceeding. The Pennsylvania Supreme Court found no retroactive operation of the amendment when applied to allow reimbursement of subsequently incurred appraisal fees, despite the fact that the condemnation upon which such fees were based occurred prior to the effective date of the amendment. 471 Pa. at 216, 369 A. 2d at 1273. Similarly in this case the amendment increasing the penalty rate was passed into law prior to the imposition of any additional penalty, but subsequent to the taxes becoming due. Because the penalty had neither accrued nor been imposed at the time of the amendment, there was no retroactive operation. Retroactive operation did not result merely because the taxes on which the penalty was imposed were due prior to the amendment's enactment. See Clearfield County Controller's Report, 16 D. & C. 685 (1932). Therefore defendant school district has validly imposed the ten percent penalty on plaintiffs' taxes, and our order granting judgment in favor of defendant should be affirmed.