Nathan Greenberg, Trustee, and Decreal Corporation, Appellants *v.* Lower Merion School District, Appellee.

Argued June 8, 1983, before Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Franklin H. Spitzer*, with him *Barry M. Klayman*, of counsel: *Wolf, Block, Schorr and Solis-Cohen*, for appellants.

*Charles Potash*, with him *Michael J. Clement, Wisler, Pearlstine, Talone, Craig and Garrity*, for appellee.

OPINION BY JUDGE BARBIERI, August 1, 1983:

This is an appeal from an order of the Court of Common Pleas of Montgomery County entering judgment in an assumpsit action against the plaintiffs, Nathan Greenberg and the Decreal Corporation (Appellants), and in favor of the defendant, the Lower Merion School District (District).

Appellants filed their action against the District to recover half of a ten percent late payment penalty which had been assessed against their 1976 school real estate tax liability pursuant to the provisions of Section 10 of the Local Tax Collection Law (Law).[1] Both Appellants had originally received tax notices, complying with the requirements of Section 6 of the Law, 72 P.S. §5511.6, which stated, *inter alia*, that a five percent penalty would be assessed for the late payment of taxes. Subsequent to their receipt of this notice, the General Assembly amended Section 10 of the Law raising the ceiling for late payment penalties to ten percent, and the District sent Appellants notice prior to the October 29, 1976 deadline that the late

---

[1] Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. §5511.10.

54

payment penalty had been increased to ten percent. In their action, Appellants alleged (1) that the District violated the requirements of Section 6 of the Law by amending their original tax notice, and (2) that the District improperly retroactively applied the 1976 amendment to their 1976 tax liability. The court of common pleas rejected both of these arguments and the present appeal followed.

Here, Appellants renew the allegations they advanced in the proceedings below, and since the court of common pleas, in our view, correctly resolved these issues, we will affirm on the basis of the able and comprehensive opinion of the Honorable LAWRENCE A. BROWN in *Greenberg v. Lower Merion School District,* 26 Pa. D. & C.3d 286 (1982).

### ORDER

Now, August 1, 1983, the order of the Court of Common Pleas of Montgomery County dated July 6, 1982, and docketed at No. 78-7516, is affirmed.