**CENTRE BEVERAGE COMPANY, INC., Appellant,**

v.

**MILLER BREWING COMPANY.**

No. 85–5240.

United States Court of Appeals, Third Circuit.

Argued Dec. 3, 1985.

Decided Dec. 19, 1985.

Norman P. Zarwin (argued), Arnold E. Cohen, Martin J. Resnick, Zarwin, Baum, Resnick & Cohen, P.C., Philadelphia, Pa., for appellant.

Robert C. Heim (argued), Melvin A. Schwarz, Dechert Price & Rhoads, Philadelphia, Pa., for appellee.

Before ADAMS, GIBBONS and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

At issue on this appeal is whether Pa. Stat.Ann. tit. 47, § 4–431(d)(1) (Purdon Supp.1984–1985), a 1980 amendment to the Pennsylvania Liquor Code requiring "good cause" before a beer manufacturer can terminate an agreement with a distributor, applies retroactively to distributorship agreements entered into prior to the effective date of the amendment. On a motion for summary judgment, the district court held that the amendment was not intended to apply retroactively. *Centre Beverage Co., Inc. v. Miller Brewing Co.*, No. 83–0459 (M.D.Pa. March 18, 1985). We affirm.

Plaintiff, Centre Beverage Company, Inc. (Centre Beverage), signed a franchise agreement with defendant, Miller Brewing Company (Miller), in 1964 to "import" and distribute Miller beer in Centre and Clearfield Counties, Pennsylvania. Under the terms of that agreement both parties reserved the right to terminate the franchise relationship at will. In 1980, however, the Pennsylvania Legislature amended its Liquor Code to require "good cause" before a beer distributorship agreement could be terminated. *See* Act No. 73, § 1, 1980 Pa. Laws 253 (codified at Pa.Stat.Ann. tit. 47,

§ 4–431(d)(1) (Purdon Supp.1984–1985)).[1] In 1983, after the amendment had become effective,[2] Miller gave Centre Beverage ninety days notice and then terminated the 1964 distributorship agreement.

Thereafter, Centre Beverage filed a complaint in the Pennsylvania Court of Common Pleas and sought a preliminary injunction to enjoin Miller from terminating Centre Beverage's distributing rights. Miller removed the case to federal district court on the basis of diversity of citizenship. The district court denied Centre Beverage's motion for a preliminary injunction. Without reaching the merits of the retroactivity issue, we affirmed that denial. *Centre Beverage Co., Inc. v. Miller Brewing Co.*, 746 F.2d 1465 (3d Cir.1984) (per curiam). Subsequently, the district court granted a motion for summary judgment, holding that the 1980 amendment to the Liquor Code did not apply to the Centre Beverage-Miller 1964 franchise agreement. Centre Beverage now appeals.

Under Pennsylvania law, "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.Cons.Stat.Ann. § 1926 (Purdon Supp.1984–1985). In considering whether a statute should apply retroactively, Pennsylvania courts have strictly construed the requirement of legislative manifest intent. *See Krenzelak v. Krenzelak*, 503 Pa. 373, 377, 380–81, 469 A.2d 987, 990 (1983); *Commonwealth of Pennsylvania v. Story*, 497 Pa. 273, 279 n. 2, 440 A.2d 488, 489 n. 2 (1981). "[A]bsent clear language to the contrary, statutes are to be construed to operate prospectively only." *Gehris v. Commonwealth, Department of Transportation*, 471 Pa. 210, 214, 369 A.2d 1271, 1273 (1977). "Furthermore, '[w]here the language of the statute is general, and might be given both retroactive and prospective operation, it will under this principle be held to be prospective only.'" *Krenzelak*, 503 Pa. at 380, 469 A.2d at 990 (quoting *Commonwealth ex rel. Greenawalt v. Greenawalt*, 347 Pa. 510, 512, 32 A.2d 757, 768 (1943)).

█ The Pennsylvania Supreme Court has admonished, however, that this principle of construction "becomes pertinent only after it has been determined that a proposed operation of a statute would indeed be retrospective." *Gehris*, 471 Pa. at 215, 369 A.2d at 1273. A statute operates retroactively if it alters existing legally enforceable "substantive rights." *Smith v. Fenner*, 399 Pa. 633, 642, 161 A.2d 150, 155 (1960). *See also Costa v. Lair*, 241 Pa.Super. 517, 520, 363 A.2d 1313, 1314 (1976) (per curiam); *Commonwealth v. Pennsylvania Engineering Corp.*, 54 Pa. Commw.Ct. 376, 380, 421 A.2d 521, 523 (1980). If the 1980 amendment requiring good cause were applied to the Centre Beverage-Miller 1964 franchise agreement, Miller's substantive right to terminate the agreement at will would be significantly changed. Consequently, the 1980 amendment to the Pennsylvania Liquor Code would, if applied, operate retroactively. The question, therefore, narrows to whether the legislature intended the amendment to apply retroactively.

█ Neither the amendment nor its legislative history expressly discusses the legislative purpose. The amendment appears,

1. Specifically, the 1980 amendment provides, in part:

(d)(1) All distributing rights as hereinabove required shall be in writing, shall be equitable in their provisions and shall be substantially similar as to the terms and conditions with all other distributing rights agreements between the manufacturer giving such agreement and its other importing distributors and distributors shall not be modified, cancelled, terminated or rescinded by the manufacturer without good cause.... "Good cause" shall mean the failure by any party to an agreement, without reasonable excuse or justification, to comply substantially with an essential, reasonable and commercially acceptable requirement imposed by the other party under the terms of an agreement.

Pa.Stat.Ann. tit. 47, § 4–431(d)(1) (Purdon Supp. 1984–1985).

2. August 20, 1980.

however, to be designed to eliminate favoritism by manufacturers towards certain distributors, so as to prevent unfair competition. To this end manufacturers are required by the 1980 amendment to make the same terms and conditions available to all distributors and to terminate those distributors for good cause only. Arguably, because the beer distributing business is a mature industry with established distributing relationships, the purpose of the 1980 amendment could only be fully achieved by applying the amendment to existing franchise agreements. But an equally plausible argument could be made that the Pennsylvania Legislature decided to respect the established contracting rights of private parties and therefore chose to deal with the problem of favoritism prospectively. Because the amendment is not clear on its face, we cannot say that it was "clearly and manifestly" intended by the legislature to be applied retroactively. *See Rudolph Rosa, Inc. v. Latrobe Brewing Co.,* —— Pa.Super. ——, 500 A.2d. 1194 (Pa.Super. 1985) (holding that the ninety-day notice provision of the 1980 amendment to the Pennsylvania Liquor Code does not apply retroactively).

Our reluctance to apply the 1980 amendment retrospectively, absent a clear legislative directive, is reinforced by the presumption that the legislators were aware of the strict construction regarding the issue of retroactivity. Indeed, in enacting legislation designed to deal with similar franchise problems involving gasoline distribution, the Pennsylvania legislators expressly addressed the issue of retroactivity and chose to limit the statute to a prospective application. *See* Pa.Stat.Ann. tit. 73, § 202–5 (Purdon Supp.1984–1985). Thus, although arguments can be made for applying the 1980 amendment to the Liquor Code retroactively, the principles codified in Pennsylvania law dictate that the amendment be given a prospective interpretation.

The judgment appealed from will, therefore, be affirmed.