**In re WALKERS MILL INN, INC., Debtor.**

**CHRYSLER FIRST CONSUMER DISCOUNT COMPANY, Movant,**

v.

**WALKERS MILL INN, INC., Respondent.**

**Bankruptcy No. 89–2779.
Motion No. 90–4876M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 8, 1990.

Dale S. Webber, Keenan and Krug, P.C., Pittsburgh, Pa., for movant/Chrysler First Consumer Discount Co.

Stanley G. Makoroff, Trustee, Sable, Makoroff & Libenson, Pittsburgh, Pa., for respondent/Chapter 7 Trustee.

Kenneth Steidl, Steidl & Steinberg, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is a *Motion For Relief From Automatic Stay* by Chrysler First Consumer Discount Company ("Chrysler"), which seeks relief pursuant to 11 U.S.C. § 362(d). They request authority to proceed in state court against property belonging to Debtor in which Chrysler allegedly had a perfected security interest. Except for the question relating to the proprietary interest in the liquor license, Trustee for Debtor does not seriously contest the motion. Trustee opines that a security interest in a liquor license was not legally possible at the time the transaction occurred and argues that relief from automatic stay should therefore be denied with respect to same.

Chrysler's motion will be granted in part and denied in part. Relief from stay will be granted as to all items subject to the security interest with exception of the liquor license. The stay will remain in effect as to it.

## FACTS

On December 17, 1986, Debtor guaranteed a loan extended by Chrysler to third parties in the amount of $94,999.98. The loan was partially secured by Debtor's execution of a security agreement and UCC–1 financing statements which applied to all of Debtor's inventory, furniture, fixtures, equipment, amusement permit # AP–9626, and liquor license # R–9628. Chrysler duly perfected its security interest.

On October 19, 1989, Debtor filed a voluntary Chapter 11 petition. The case was converted to a Chapter 7 proceeding on April 24, 1990, and a trustee was appointed two (2) days later.

No payments have been made on the loan since June 17, 1989. The total amount due and owing as of June 21, 1990 is $110,120.96. Debtor acknowledges in his Chapter 11 schedules that the value of the property subject to Chrysler's security interest does not exceed $55,000.00.

## ANALYSIS

Under Pennsylvania law, only personal property can be subject to a security interest. 13 Pa.C.S.A. § 1201 (Purdon's 1984); *In re Jackson*, 93 B.R. 421, 423 (Bankr.W.D.Pa.1988).

Prior to July 1, 1987, the Pennsylvania Liquor Code provided, at 47 P.S. § 4–468(b.1) (Purdon's Supp.1990), that when a liquor licensee became insolvent the license would be placed in "safekeeping" with the Liquor Control Board; however, the trustee or receiver had the same rights,

benefits, and obligations as the licensee, including the right to transfer the license subject to the approval of the Liquor Control Board. Of particular importance is the last sentence of § 4–468(b.1):

> The license shall continue as a *personal privilege* granted by the board and nothing therein shall constitute the license *as property* (emphasis added).

According to Pennsylvania law in effect prior to July 1, 1987, a liquor license was neither personal property nor subject to a valid security interest. *In re Revocation of Liquor License,* 72 Pa.Cmwlth. 367, 370, 456 A.2d 709, 711 (1983); *see also, 21 West Lancaster Corp. v. Main Line Restaurant, Inc.,* 790 F.2d 354, 358 (3rd Cir.1986).

On June 29, 1987, the Pennsylvania General Assembly amended § 4–468 by adding subsection (d), which provides as follows:

> The license shall constitute a *privilege* between the board and the licensee. As between the licensee and third parties, the license shall constitute *property* (emphasis added).

47 P.S. § 4–468(d) (Purdon's Supp.1990). The effective date of this provision was July 1, 1987.

Subsection § 4–468(d) was not in effect when Debtor executed the security agreement and Chrysler duly filed the required UCC–1 financing statements.

Trustee argues that Chrysler's motion should be denied with respect to the liquor license because one could not have a security interest in a liquor license in December of 1986 (when the relevant transactions occurred).

Chrysler argues that § 4–468(d) applied retrospectively to the transactions which occurred in December of 1986 and had the effect of relating back and validating the security interest once the liquor license became property as between it and Debtor. Chrysler's contention is without merit.

■ It is a long-standing precept of statutory construction that statutes, other than those which affect procedural matters, are to be construed only *prospectively* unless the legislature clearly and manifestly intended for them to operate *retro*spectively.

*See e.g., Farmers National Bank & Trust Co. v. Berks County Real Estate Co.,* 333 Pa. 390, 5 A.2d 94, 95 (1939) (citations omitted).

The Pennsylvania legislature has enacted this ancient precept into law. *See* 1 Pa.C.S.A. § 1926, which provides that:

> No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly.

This provision applies only *after* it has been determined that the proposed application of a statute in a given instance would indeed be retroactive. *R & P Services v. Comm., Dept. of Revenue,* 116 Pa.Cmwlth. 230, 541 A.2d 432, 434 (1988).

The issues before the Court as this time may be formulated as follows:

(1) whether application of § 4–468(d) to the facts of the present case would give retrospective effect to the provision; and

(2) whether the legislature clearly and manifestly intended § 4–468(d) to have such an effect.

The second issue need be addressed if and only if the first issue is answered affirmatively.

■ Applying § 4–468(d) to the facts of this case would give retrospective effect to the provision.

■ A retrospective law is defined as a law which relates back to a prior transaction and gives it a different legal effect from that which it had under the law which was in effect at the time when the transaction occurred. *Comm., Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corp.,* 54 Pa.Cmwlth. 376, 421 A.2d 521, 523 (1980).

■ Effect will not be given to a statute which divests or impairs preexisting rights or contractual obligations in the absence of clear and manifest legislative intent that it have such effect. *Creighan v. City of Pittsburgh,* 389 Pa. 569, 132 A.2d 867, 870 (1957). It follows correlatively that a statute has been given retroactive effect, and thus is not to be applied absent clear and

manifest intent by the legislature, when it imposes a new legal burden on a past transaction or occurrence. *Pennsylvania Engineering,* 421 A.2d at 523.

Application of § 4–468(d) to the facts of the case would *not destroy* or *impair* a preexisting property right of Chrysler or Debtor; rather, its application would have the legal effect of *creating* a property right where none existed under the previous law in effect when the security agreement was executed and the UCC–1 financing statements were filed.

■ Application of a statute to an antecedent transaction is to be avoided (absent clear and manifest legislative intent to the contrary) not only when it would have the effect of divesting or impairing a preexisting vested right. It also is to be avoided when it would have the effect of *creating* a vested right where none had existed under the law in effect at the time of the transaction. *Highway Truck Drivers v. Cohen,* 182 F.Supp. 608, 611 (E.D.Pa.1960), *affirmed,* 284 F.2d 162 (3rd Cir.1960), *cert. denied,* 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961).

■ There is no indication that the Pennsylvania legislature intended that § 4–468(d) be applied retrospectively. Indeed, the fact that its effective date was *delayed* until two (2) days after its enactment is some evidence, albeit slight, that the General Assembly did *not* intend that it relate back and give a difference legal effect to transactions than they had under the previous law.

Chrysler is required to establish that it has a valid security interest in the liquor license before it is entitled to relief from stay pursuant to 11 U.S.C. § 362(d). *See In re Kim,* 71 B.R. 1011, 1017 (Bankr.C.D. Cal.1987). It therefore follows from the above that Chrysler is not entitled to relief from stay with respect to Debtor's liquor license.

■ However, Chrysler is entitled to relief from stay with respect to the remaining items which are subject to the security interest. There is no dispute as to the validity of Chrysler's security interest in these items.

11 U.S.C. § 362(d) provides in pertinent part as follows:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

\*      \*      \*      \*      \*      \*

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Debtor has no equity in the items which are in fact subject to the security interest of Chrysler. The amount due and owing on the loan as of June 21, 1990 was $110,120.96. Debtor's equity in those items is $55,000.00 or less.

Since this case has been converted to a Chapter 7 proceeding, said property is not necessary to an effective reorganization.

An appropriate Order will be issued.

### ORDER OF COURT

AND NOW at Pittsburgh in said District this 8th day of August, 1990, in accordance with the accompanying Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that Chrysler First Consumer Discount Company is granted relief from automatic stay with respect to the following items which are subject to a security agreement executed by Debtor on December 17, 1986: Debtor's inventory, furniture, fixtures, equipment, and amusement permit # AP–9626.

IT IS FURTHER ORDERED that relief from stay is *not* granted with respect to Liquor License # R–9628.