IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elizabeth Dohn,                       :
                   Petitioner      :
                                 :
        v.                       : No.  103 C.D. 2021
                                 : Submitted: July 16, 2021
Beck N' Call (Workers'        :
Compensation Appeal Board),   :
                   Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CROMPTON              FILED:  September 20, 2021

Elizabeth Dohn (Claimant) petitions for review from the January 12, 2021 Order of the Workers' Compensation Appeal Board (Board) that affirmed the June 25, 2020 Decision and Order of the workers' compensation judge (WCJ), granting the Petition to Modify Compensation Benefits (Modification Petition) filed by Beck N' Call (Employer).  For the reasons that follow, we affirm the Order of the Board.

## I.    Background

The facts in this case are not at issue.  On May 26, 2016, Employer issued a Notice of Temporary Compensation Payable (NTCP) recognizing cervical,

lumbar, and left shoulder work injuries resulting from a motor vehicle accident.[1] The NTCP subsequently converted to a Notice of Compensation Payable by operation of law. WCJ's Dec. and Order, 6/25/20, Findings of Fact (F.F.) No. 1. On February 8, 2019, Claimant underwent an Independent Rating Evaluation (IRE), which was performed using the Sixth Edition of the American Medical Association (AMA) *Guides to the Evaluation of Permanent Impairment* (*the Guides*). As a result of the IRE, Claimant was found to have a whole person impairment rating of 12%. Thus, Employer filed a Modification Petition on March 25, 2019, seeking to modify Claimant's benefits from temporary total disability (TTD) to temporary partial disability as of February 8, 2019. F.F. No. 3. On April 3, 2019, Claimant filed an Answer to Employer's Modification Petition, denying Employer had an entitlement to modify her benefits because such a modification would violate her constitutional rights. The matter was assigned to the WCJ, who held multiple hearings and accepted documentary evidence.[2]

Claimant submitted no medical evidence and did not dispute the opinions of the doctor who conducted the IRE, *i.e.*, Dr. Lucian Bednarz. F.F. No. 4. Claimant testified before the WCJ in regard to her symptoms and medical treatment and also testified that she has not returned to work. F.F. No. 5. The WCJ found Claimant to be credible but determined her testimony was not material to the issues in the case because she was defending against the Modification Petition solely by challenging the constitutionality of changes made to the Workers' Compensation

---

[1] Claimant was employed by Employer as a home health aid worker, which required her to travel by car to visit and assist clients. Claimant's Br. at 5.

[2] The only exhibit presented and admitted into evidence was the deposition transcript of Employer's medical witness, *i.e.*, the doctor who performed the IRE.

Act (Act)[3] relative to the passage of Act 111 in October 2018.[4]   F.F. No. 6;
Conclusion of Law (C.L.) No. 2.  The WCJ stated: "Claimant's position, essentially,

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[4] *See* Act of October 24, 2018, P.L. 714, No. 111.  On October 24, 2018, Act 111 replaced former Section 306(a.2) of the Act with new Section 306(a.3), added by the Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. §511.3.  Section 306(a.3) of the Act reads in pertinent part:

> When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any . . . .  The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of [*the Guides*], 6th edition (second printing April 2009) . . . .  (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . .  If such determination results in an impairment rating less than thirty-five per centum impairment…the employe shall then receive partial disability benefits under clause (b) . . . .

Section 306(a.3) of the Act, 77 P.S. §511.3 (emphasis added).

Former Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2, read, in pertinent part:

(1)  When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks … the employe shall be required to submit to a medical examination … to determine the degree of impairment due to the compensable injury, if any . . . .  The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of [*the Guides*] . . . .  (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . .  If such determination results in an impairment rating less than fifty per centum impairment . . . the employe shall then receive partial disability benefits under clause (b) . . . .

**(Footnote continued on next page…)**

3

is that [she] accrued an interest in ongoing benefits and a vested right to future benefits without an IRE when *Protz II* was handed down by the Supreme Court of Pennsylvania."[5] C.L. No. 2. The WCJ concluded: "As a matter of law, this [WCJ] does not have jurisdiction over constitutional issues." C.L. No. 3. Further, the WCJ concluded that since Claimant was found to have less than a 35% whole person impairment, per the Sixth Edition of *the Guides*, Employer was entitled to a modification of Claimant's benefits from TTD to partial disability. C.L. No. 4. Thus, the WCJ granted Employer's Modification Petition, placing Claimant on partial disability for a period of 500 weeks beginning on February 8, 2019. C.L. No. 5. Claimant appealed to the Board.

In its January 12, 2021 Opinion, the Board determined that it, like the WCJ, did not have authority to review the constitutional aspect of Claimant's argument in the present matter, and because Claimant did not contend that the IRE failed to meet the requirements of Act 111, the Board affirmed the WCJ. Claimant now petitions this Court for review.[6]

---

Former Section 306(a.2)(1) of the Act, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (emphasis added). Subparagraph (b) referenced above provides for payment of partial disability for no more than 500 weeks. Section 306(b)(1) of the Act, 77 P.S. §512(1), limits a claimant's receipt of partial disability benefits to 500 weeks.

[5] *Protz v. Workers' Compensation Appeal Board (Derry Area Sch. Dist.)*, 161 A.3d 827 (Pa. 2017), is also known as *Protz II*. *Protz II*, and Claimant's argument relative to it, is addressed in more detail in our discussion below.

[6] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830 (Pa. 2013).

4

## II.     Arguments

### A. Claimant's Arguments

Claimant argues that "Act 111 is unconstitutional as it violates Article II, Section 1 of the Pennsylvania Constitution[7] by delegating legislative authority to the [AMA] to make, alter and enact laws."  Claimant's Br. at 7.  Further, Claimant asserts that the application of Act 111 in the present matter is substantive in nature and that her "vested right to benefits cannot be taken away by [a] substantive change in law." *Id*.

Claimant notes that our Supreme Court, in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), *Protz II*, struck down former Section 306(a.2) of the Act as unconstitutional, reasoning that the General Assembly had delegated its legislative authority to the AMA.  However, Claimant argues that "Act 111 is no less unconstitutional than [former] Section 306(a.2) [of the Act]" because "[t]he Legislation has failed to provide any standard by which impairment ratings should be assessed," once again granting legislative authority to the AMA.  Claimant's Br. at 9-10.

In addition, Claimant asserts that applying Act 111 to her in the instant matter is unconstitutional because her "claims were vested rights at the time of the application and the application of retroactivity violated her due course of law and [the] separation of powers." Claimant's Br. at 10.  Claimant acknowledges that there is an exception to the general rule against retroactive application where the General Assembly has not explicitly expressed its intention of retroactive effect and the statute is merely procedural in nature and does not alter a substantial right.  However, Claimant notes that our Supreme Court rejected the notion that former Section

---

[7] Pa. Const. art. II, §1 states:  "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives."

306(a.2) of the Act "can be couched as procedural, and that [its] substantive import can be overlooked . . . ." Claimant's Br. at 12 (quoting *Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 232 A.3d 629 (Pa. 2020)).

Quoting *Giant Eagle, Inc. v. Workers' Compensation Appeal Board (Weigand)*, 764 A.2d 663, 668 (Pa. Cmwlth. 2000), Claimant states "'[c]laimants have a vested right in the continuation of worker[s'] compensation benefits until found to be ineligible.'" Claimant's Br. at 11. Further, Claimant argues that "[a] vested right is a property right." *Id*. Citing *Konidaris v. Portnoff Law Associates, Ltd.*, 953 A.2d 1231 (Pa. 2008), among other cases, Claimant contends that our "Supreme Court has held that statutory law cannot retroactively alter a vested right." Claimant's Br. at 13.

For all the foregoing reasons, Claimant argues that "the [] application of Act 111[,] retroactively to a May 15, 2016 claim[,] unconstitutionally violates [her] vested right[s] granted following the *Protz II* ruling." Claimant's Br. at 18. Accordingly, Claimant asserts that the Board's Order should be reversed, and Employer's Modification Petition should be denied with prejudice.[8]

---

[8] An *amicus curiae* brief was filed in the present matter by the Pennsylvania Association for Justice (the Association) in support of Claimant's position. As the arguments made by the Association are substantially similar to those raised by Claimant, we do not provide a separate section of narrative summarizing the Association's position. However, we note that the essence of the Association's argument is substantially stated in its brief as follows:

> This case is not just about Claimant. It is about all workers injured prior to October 24, 2018 who have been granted wage loss benefits under the [] Act . . . .

> As written, Act 111 [applies] to all injuries since June 1915, when the Act became effective . . . . Such an impairment of the property rights of workers who suffered a work-related injury is beyond **ANY** authority the General Assembly has and strikes at a fundamental principle protected by the Pennsylvania Constitution . . . .

**(Footnote continued on next page…)**

6

## B. Employer's Arguments

Employer argues that our Supreme Court recently affirmed this Court's opinion in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd* (Pa., No. 88 MAP 2019, August 18, 2020), in which we determined that Act 111 is constitutional, as it limits IRE standards to those in effect in the Sixth Edition of *the Guides* at the time Act 111 was enacted. Employer's Br. at 6. Employer contends that, by adopting

> a set of standards, the Sixth Edition [of *the Guides*], which was already in existence at the time of adoption, . . . the General Assembly exercised its legislative authority to decide which standards to apply to IREs, and in doing so, it did not delegate this authority to the AMA. In short, there is no delegation of legislative authority since the AMA cannot make additional changes to the Act's impairment guidelines. Rather, they have been "set in stone" by the legislature as of the [S]ixth [E]dition.
>
> By contra[s]t, the previous statute mandated the use of the "most recent" guideline, allowing the AMA to change the Section 306(a.2) guidelines with every new edition. This issue [has] been addressed and corrected by the enactment of Section 306(a.3).

Employer's Br. at 9.

Employer argues that Act 111 is constitutional as applied to the instant case because the intent of the General Assembly was clear that "benefits paid prior to the enactment of Act 111 are validly counted toward the cap on 500 weeks" of

---

[T]he [Association] respectfully requests that this Honorable Court declare Act 111 unconstitutional as applied to any injured worker with a claim under the [Act] who was injured before October 24, 2018[,] and prohibit the status of any indemnity benefits to be changed based upon an IRE performed under Act 111 for those injured workers.

Association's Br. at 30-31 (emphasis included in original.)

partial disability.[9]  *Id*.  Employer further contends that Act 111 should be applied retroactively because the legislative intent in this regard was clearly expressed where the legislature allowed credit for "pre-*Protz* [*II*] weeks" in calculating a claimant's term of partial disability.  Employer's Br. at 11.  Employer adds that Claimant had a right to defend against the Modification Petition, including a right to present evidence to rebut Employer's request for same.  Thus, Employer argues that Claimant's due process rights were not violated by the modification of her benefits, and the Board's Order affirming the WCJ should be affirmed.

### III.    Discussion

Initially, we address Claimant's contention that Act 111 is unconstitutional because it is an improper delegation of legislative authority.  This issue was recently settled in *Pennsylvania AFL-CIO*, in which we determined Act 111 was not an unconstitutional delegation of legislative authority, as the prior IRE provision of the Act was determined to be.   In *Pennsylvania AFL-CIO*, we stated that

> [t]he non-delegation doctrine does not prohibit the General Assembly from "adopting as its own a particular set of standards which already are in existence at the time of adoption." That is what the General Assembly did here - it adopted the Sixth Edition, second printing, which [Pennsylvania] AFL-CIO admits was in existence when Section 306(a.3) was enacted, "as its own." When such an adoption occurs, the General Assembly is exercising its legislative and policy making authority by deciding that it is those particular standards that will become the law of this Commonwealth.  It is not delegating its authority to legislate. The General Assembly made a policy decision regarding

---

[9] Section 3(2) of Act 111 states:  "For the purposes of determining the total number of weeks of partial disability compensation payable under section 306(a.3)(7) of the Act, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph."  77 P.S. §511.3, Historical and Statutory Notes.

8

the standards that will apply to IREs in the Commonwealth going forward.

*Pa. AFL-CIO*, 219 A.3d at 316 (quoting, in part, *Protz II*, 161 A.3d at 838) (emphasis omitted).  Our opinion in *Pennsylvania AFL-CIO* was affirmed by a brief *per curiam* order of our Supreme Court, which read, in pertinent part, simply: "this 18th day of August 2020, the Order of the Commonwealth Court is [affirmed]." *See Pa. AFL-CIO v. Commonwealth* (Pa., No. 88 MAP 2019, filed Aug. 18, 2020).  As this issue is now settled, there is no need for us to address it further herein.

As for Claimant's contention that she has a vested right in her workers' compensation benefits, such that the current IRE provision of Act 111 would deprive her of same, we also addressed this very issue in another recent opinion of this Court. In *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company, LLC)* (Pa. Cmwlth., No. 423 C.D. 2020, filed Feb. 9, 2021), we stated:

> While [c]laimant, here, argues that he has a right to benefits as calculated at the time of injury, there are reasonable expectations under the Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of TTD benefits.

*Pierson*, slip op. at 16.  As in *Pierson*, Claimant here did not automatically lose anything by the mere enactment of Act 111.  Act 111 simply provided a mechanism for Employer to pursue a change in Claimant's disability status by producing the required medical evidence to do so.  Further, the parties' arguments in regard to

9

retroactive application are somewhat misplaced here because, as we previously noted in our opinion in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann, LLC)*, 188 A.3d 599, 616 (Pa. Cmwlth. 2018),

> [a] retroactive law has been defined as one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired . . . . **A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence.**

(quoting *Dep't of Lab. & Indus., Bureau of Emp. Sec. v. Pa. Eng'g Corp.*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980) (emphasis added; internal citations omitted)).  In the present matter, Act 111 did not impose new legal burdens on a past transaction or occurrence.  As we stated above, Act 111 did not change the status of Claimant's workers' compensation benefits.  It merely established a means, among others, for Employer to seek modification of Claimant's benefits going forward.

As Act 111 is not an unconstitutional delegation of legislative authority, and the imposition of Act 111 did not change Claimant's status or deprive her of vested rights, we affirm the Order of the Board affirming the WCJ's Decision and Order.

## IV.    Conclusion

For the foregoing reasons, we affirm the January 12, 2021 Order of the Board.

_____
J. ANDREW CROMPTON, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elizabeth Dohn,       :
      Petitioner  :
             :
   v.         : No.  103 C.D. 2021
             :
Beck N' Call (Workers'    :
Compensation Appeal Board), :
      Respondent :

# **O R D E R**

  **AND NOW**, this 20th day of September 2021, the January 12, 2021 Order of the Workers' Compensation Appeal Board is **AFFIRMED**.


         _____
         J. ANDREW CROMPTON, Judge