IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Smuck, : 
          Petitioner : 
           : 
       v. : No. 1215 C.D. 2021
           : Submitted: January 27, 2023
Dana Holding Corporation (Workers' : 
Compensation Appeal Board), : 
          Respondent : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                    FILED: March 22, 2023


David Smuck (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) dated October 5, 2021, which affirmed the decision and order of the Workers' Compensation Judge (WCJ), circulated December 8, 2020 (WCJ's Decision). The WCJ's Decision granted the Modification Petition filed by Dana Holding Corporation (Employer) and changed Claimant's disability status from total to partial based upon a February 13, 2020 Impairment Rating Evaluation (IRE). Claimant challenges as unconstitutional the retroactive application of Act 111 of 2018 (Act 111), which added Section 306(a.3) of the

Workers' Compensation Act (Act).[1] Claimant asserts the Board erred in applying Act 111 in his case because his work injury occurred before Act 111's effective date. Upon review, we affirm.

## I. Background

Claimant sustained a work-related injury on April 6, 2000. WCJ Dec. at 3; Certified Record (C.R.), Item No. 4. Employer issued a Notice of Compensation Payable and began paying Claimant temporary total disability (TTD) benefits of $449.60 per week. *Id.* On February 13, 2020, Claimant underwent an IRE, which demonstrated a 10% impairment rating based on the 6th edition of the American Medical Association Guides to the Evaluation of Permanent Impairment (6th edition AMA Guides). *Id.* Employer filed its Modification Petition on June 4, 2020, requesting Claimant's disability status be changed from TTD to temporary partial disability (TPD) benefits as of the IRE date. C.R., Item No. 2.

The WCJ held a hearing on Employer's Modification Petition, wherein Claimant raised and preserved a constitutional challenge to Act 111. Claimant did not present any medical evidence to rebut Employer's IRE nor dispute the findings in the IRE. C.R., Item No. 4. The WCJ concluded Employer met its burden of proof under Act 111 and granted Employer's Modification Petition, modifying Claimant's benefits from TTD to TPD effective February 13, 2020. *Id.* On October 5, 2021, the Board affirmed the WCJ's Decision. C.R., Item No. 7. On November 14, 2021, Claimant filed his Petition for Review (Petition) with this Court appealing the Board's decision.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. § 511.3.

## II. Issue

Claimant's sole claim on appeal is that the Board "erred as a matter of law in holding that Act 111 is to be applied retroactively to cases wherein the cause of action accrued/work injury occurred prior to the enactment of Act 111 . . . ." Claimant's Br. at 4. Claimant asserts retroactively applying Act 111's IRE mechanism, effective October 24, 2018, to modify benefits awarded for an April 6, 2000 injury is unconstitutional. *Id.* Claimant maintains he "had a vested interest in the continuation of his TTD benefits until he is found to be ineligible under a valid statute." Petition ¶ 9. He argues because "Section 306(a.2) was declared null and void by the Pennsylvania Supreme Court it is unenforceable; therefore, the Claimant continues to have a valid, vested right in his continuation of TTD workers' compensation benefits." *Id.* Claimant requests this Court "reverse the Decision and Order of the Board dated October 5, 2021, which affirmed the Decision and Order of the WCJ circulated December 8, 2020[,] which granted the Employer's Modification Petition." *Id.* ¶ 10.

## III. Discussion

Our review in this case is limited to "determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 252 A.3d 1169, 1172 n.3 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021).

In response to our Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), in which the Court held the IRE provisions contained in Section 306(a.2) of the Act, *formerly* 77 P.S. § 511.2, violated the nondelegation doctrine of the Pennsylvania

Constitution, the General Assembly enacted Act 111 on October 14, 2018. Act 111 repealed Section 306(a.2) of the Act, *formerly* 77 P.S. § 511.2, and added Section 306(a.3) of the Act, 77 P.S. § 511.3, reestablishing the IRE process.

While the IRE process remains substantially the same as it was before, Act 111 requires a physician use the 6th edition AMA Guides when performing an IRE and permits modification to partial disability status if a claimant has a whole-body impairment of less than 35%. Specifically, Act 111, Section 306(a.3) of the Act, states:

(1) When an employe has received total disability compensation . . . for a period of one hundred and four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days . . . to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties-approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the [6th edition AMA Guides].

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than [35%] impairment under [6th edition AMA Guides], the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . If such determination results in an impairment rating less than [35%] impairment under the [6th edition AMA Guides], the employe shall then receive partial disability benefits . . . Provided, however, [t]hat no reduction shall be made until sixty days' notice of modification is given.

(3) Unless otherwise adjudicated or agreed to based upon a determination of earning power . . . the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same. An insurer or employe may, at any time prior to or

4

during the five hundred-week period of partial disability, show that the employe's earning power has changed.

(4) An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than [35%] impairment under the [6th edition AMA Guides].

(5) Total disability shall continue until it is adjudicated or agreed . . . that total disability has ceased or the employe's condition improves to an impairment rating that is less than [35%] of the degree of impairment defined under the [6th edition AMA Guides].

(6) Upon request of the insurer, the employe shall submit to an independent medical examination in accordance with the provisions of section 314 to determine the status of impairment: Provided, however, That for purposes of this clause, the employe shall not be required to submit to more than two independent medical examinations under this clause during a twelve-month period.

(7) In no event shall the total number of weeks of partial disability exceed five hundred weeks for any injury or recurrence thereof, regardless of the changes in status in disability that may occur. In no event shall the total number of weeks of total disability exceed one hundred and four weeks for any employe who does not meet a threshold impairment rating that is equal to or greater than [35%] impairment under the [6th edition AMA Guides].

Section 306(a.3) of the Act, 77 P.S. § 511.3. Further, Section 3 of Act 111 provides, in pertinent part:

(1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [A]ct, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This [S]ection shall not be construed to alter the requirements of [S]ection 306(a.3) of the [A]ct.

(2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the

[A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

Act 111, § 3(1), (2).

Claimant asserts Act 111's application to his case is improperly retroactive because his work injury occurred before the enactment date of Act 111. A retroactive law is:

One which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired. . . . A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence.

*Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 616 (Pa. Cmwlth. 2018) (quoting *Dep't of Lab. & Indus., Bureau of Emp. Sec. v. Pa. Eng'g Corp.*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980)). "[T]he Remedies Clause prohibits the enactment of retroactive legislation if the application . . . would extinguish a vested right." *Konidaris v. Portnoff Law Assocs., Ltd*, 953 A.2d 1231, 1235 (Pa. 2008). "A 'vested right' is one that 'so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent.'" *Pierson*, 252 A.3d at 1179 (citation omitted). In *Pierson*, we explained that there are no vested rights in workers' compensation benefits as calculated at the time of the injury because there are reasonable expectations under the Act that benefits may change over time. *Id*. Where there is no vested right involved, an act is not retroactive simply because it applies to a condition existing on its effective date. *Id.*

This Court has previously considered and rejected arguments similar to Claimant's regarding the retroactive application of Act 111. In *Pierson*, 252 A.3d 1169, the claimant argued applying Act 111 to injuries occurring before its

enactment would impair a claimant's vested rights. In rejecting this argument, this Court explained:

> While [the claimant] argues that he has a right to benefits as calculated at the time of injury, there are reasonable expectations under the Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of TTD benefits.
>
> As this Court opined in *Rose Corporation* [*v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 561 (Pa. Cmwlth. 2020)], the General Assembly made it clear in Act 111 that weeks of TTD and partial disability paid by an employer/insurer prior to the enactment of Act 111 count as credit against an employer's new obligations under Act 111. In *Rose Corporation*, we said, in reference to Act 111:
>
>> The plain language of Section 3 establishes a mechanism by which employers/insurers may receive credit for weeks of compensation previously paid. First, Section 3(1) provides that an employer/insurer "shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph" for purposes of determining whether the 104 weeks of total disability had been paid. This 104 weeks is important because, under both the former and current IRE provisions, a claimant need not attend an IRE until after the claimant receives 104 weeks of total compensation. 77 P.S. §[511.3(1)] . . . . *See* Section 3(1) of Act 111. Therefore, pursuant to Section 3(1), an employer/insurer will receive credit towards this 104 weeks for any weeks of total disability benefits that were previously paid prior to Act 111's enactment. Second, an employer/insurer will be given credit for any weeks of partial disability compensation paid prior to enactment of Act 111 "[f]or the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the

[A]ct." Section 3(2) of Act 111. In short, any weeks of partial disability previously paid will count towards the 500-week cap on such benefits.

*Rose Corp.*, 238 A.3d at 561-62.

. . . .

[A]s we made clear in *Rose Corporation*, the 104-week and credit provisions of Act 111 were explicitly given retroactive effect by the clear language used by the General Assembly.

[The c]laimant, herein, argues that the General Assembly cannot take away his "vested rights" and that it did not explicitly express an intent to apply the provisions of Act 111 in any sort of a retroactive fashion . . . As we noted above, [the c]laimant's "vested rights" have not been abrogated by Act 111. Further, we believe it is clear that the General Assembly intended for the 104-week and credit weeks provisions of Act 111 to be given retroactive effect, where, as we noted in *Rose Corporation*, it stated in plain language it was doing so.

*Pierson*, 252 A.3d at 1179-80. Similarly, in *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360, 366 (Pa. Cmwlth. 2021), relying on our precedent in *Pierson*, we rejected a claimant's assertion that applying Act 111 to injuries predating its enactment renders it improperly retroactive.

Here, as in *Pierson* and *Hutchinson*, the application of Act 111 did not automatically change Claimant's disability status or otherwise deprive him of vested rights under the Act. Claimant had no vested right in his benefits as calculated at the time of his injury because there are reasonable expectations under the Act that benefits may change over time. Thus, Act 111's application to Claimant's case was not retroactive simply because it applied to a condition that existed on its effective date. Act 111 merely provided a mechanism for Employer to pursue a change in Claimant's disability status. Act 111 contains no limiting language regarding the date of injury or disability award. In fact, Act 111's IRE mechanisms apply only

after an employee has received 104 weeks of total disability benefits, which necessarily contemplates application to injuries predating Act 111. Thus, Claimant's argument that Act 111 is not applicable to his case because his injury occurred before Act 111's enactment lacks merit.

## IV. Conclusion

Based on the above, and consistent with this Court's precedent, this Court rejects Claimant's constitutional challenge to Act 111. Accordingly, we affirm the Board's order.

_____
STACY WALLACE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Smuck, : 
        Petitioner : 
           : 
        v. : No.  1215 C.D. 2021
           : 
Dana Holding Corporation (Workers' : 
Compensation Appeal Board), : 
        Respondent : 

# **O R D E R**

**AND NOW**, this 22nd day of March 2023, the order of the Workers' Compensation Appeal Board, dated October 5, 2021, is **AFFIRMED**.

_____
STACY WALLACE, Judge